# EXHIBIT 5
# Part 2 of 3

## FIRST AMENDMENT TO TRUST AGREEMENT
## BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND
## ADOLPH COORS COMPANY

THIS AMENDMENT, dated as of the twenty-eighth day of December 1992, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company and Adolph Coors Porcelain Company (collectively and individually, the "Sponsor");

### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a trust agreement dated May 31, 1992, with regard to the Coors Savings & Investment Plan and the Coors Porcelain Company Savings & Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said trust agreement as provided for in Section 13 thereof;

WHEREAS, the Sponsor has directed the Trustee to transfer the assets with respect to the Coors Porcelain Company Savings & Investment Plan to a new Trust entered into between ACX Technologies, Inc. and Fidelity Management Trust Company dated December 31, 1992.

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the trust agreement by:

(1)     Deleting all references to the Adolph Coors Porcelain Company
        and the Adolph Coors Porcelain Company Savings and Investment Plan; and

(2)     Amending the first sentence of Section 1 to read as follows:

        The Sponsor hereby establishes the Coors Savings & Investment Trust
        (the "Trust").

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                          FIDELITY MANAGEMENT
                                              TRUST COMPANY

By _____                  By _____  12/22/92
   Vice President,  Date 12/18/92                 Senior Vice President    Date
   Treasurer

## SECOND AMENDMENT TO TRUST AGREEMENT
## BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND
## ADOLPH COORS COMPANY

**THIS AMENDMENT**, dated as of the 1st day of June, 1993, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor");

## WITNESSETH:

**WHEREAS**, the Trustee and the Sponsor heretofore entered into a trust agreement dated May 31, 1992, with regard to the Coors Savings & Investment Plan (the "Plan") and the Coors Porcelain Company Savings & Investment Plan ; and

**WHEREAS**, by amendment dated December 31, 1992, the Sponsor directed the Trustee to transfer the assets with respect to the Coors Porcelain Company Savings & Investment Plan to a new Trust entered into between ACX Technologies, Inc. and Fidelity Management Trust Company dated December 28, 1992; and

**WHEREAS**, the Trustee and the Sponsor now desire to amend said trust agreement as provided for in Section 13 thereof;

**NOW THEREFORE**, in consideration of the above premises the Trustee and the Sponsor hereby amend the trust agreement by:

(1)     Amending Schedule "I" as attached.

**IN WITNESS WHEREOF**, the Trustee and the Sponsor have caused this Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                        FIDELITY MANAGEMENT
                                            TRUST COMPANY

By _____                   By _____
        Date  6/9/93                           Senior Vice President   Date  6/30/93

1

Schedule "I"

## INVESTMENT GUIDELINES
## FOR GIC MANAGEMENT

**Investment Objective**

The investment objective for the portion of the Plan to be invested in Guaranteed Investment Contracts (GICs) or similar investments (the "Account") is to maximize the yield on the principal invested in the Account consistent with assuring a low risk of loss of any such principal, minimizing the fluctuation in the value of the assets in which the Account is invested, and assuring sufficient liquidity is maintained to meet the requirements of the Plan.

**Investment Guidelines**

I.   Mitigate credit risks by diversifying the Account's investments among several types of assets and industry groups.

A. With respect to GICs issued by insurance companies, banks and other institutions that guarantee the payback of principal at full book value, this shall mean:

1. Investing in four different classes of GICs:

a. Standard GIC's: invested principal and earned interest guaranteed for the full term of investment.

b. Indexed GIC's: returns adjusted periodically according to a published index.

c. Participating GIC's: returns adjusted periodically to reflect the performance of an underlying portfolio of assets.

d. Synthetic GICs: contracts which simulate the structure of conventional GICs, but do so through the purchase of debt obligations, issued by entities other than insurance companies or banks, such as mortgage-backed and asset-backed obligations, corporate bonds, etc., and which may include a third party form of credit enhancement.

2. Purchasing GICs from only those companies which a) the Trustee has included on its GIC/BIC Approved List; and b) are rated Aa3/AA- or higher by either Moody's Investor Service or Standard and Poors Corporation respectively.

3. Limiting aggregate dollar exposures and maximum maturities for investments with approved issuers based on that company's credit worthiness as described in the Trustee's Credit Diversification Guidelines for Guaranteed Investment Portfolios.

4. Limiting the dollar investment in GICs which rely on the general assets or accounts of insurance companies to no more than 75% of the total assets in the Account.

5. Changes to the GIC/BIC Approved List or the Credit Diversification Guidelines for Guaranteed Investment Portfolios which are made subsequent to the date of this Agreement shall be reviewed and approved by the Coors Plan Investment and Administration Committee (the "Committee") prior to their adoption for managing investment in the Account.

B.  With regard to other assets acquired by the Account:

1. The credit worthiness of the assets shall be maintained by restricting investments to: a) those securities issued by the U.S. Government, U.S. Government Agencies, the principal and interest of which is backed by the U.S. Government; securities of U.S. corporations whose long-term debt at the time of purchase is rated A2/P2 or better at the time of purchase by said agencies; and asset backed securities rated AAA at the time of purchase; and b) units of pooled fixed income investment products which have a dollar-weighted average credit rating for the assets in which the pooled fund has invested which is acceptable to the Committee

2. The aggregate dollar exposure and maximum maturity for any investment in a security issued by a U.S. corporation shall be based on that company's credit worthiness.

II.   Mitigate reinvestment risk by scheduling the maturities of future investments for the Account to occur throughout the calendar year.

III.  Maintain funds in secure short-term liquid investments in amounts generally expected to accommodate normal cash flow out of the Account to pay distributions to participants or their beneficiaries, meet requests to transfer funds to other investment options available under the Plan, and to pay any reasonable expenses of administering the Plan as are allowable under applicable law.

IV.   Investment activities by the Investment Manager of the Account will be monitored on an ongoing basis to assure that the credit quality of the overall Account is maintained and that performance is consistent with the stated Investment Objective. The Committee will review the results of this monitoring no less frequently than quarterly.


ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST COMPANY

By _____            By _____  6/30/93
                    6/5/93  Date           Senior Vice President              Date

THIRD AMENDMENT TO TRUST AGREEMENT BETWEEN
FIDELITY MANAGEMENT TRUST COMPANY AND
ADOLPH COORS COMPANY

THIS THIRD AMENDMENT, dated as of the first day of October, 1993, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a trust agreement dated May 31, 1992, with regard to Coors Savings & Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said trust agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the trust agreement by:

(1)     Amending and restating Section 4(f), in its entirety, to read as follows:

(f)     Notes. The Administrator shall act as the Trustee's agent for the participant loan notes and as such shall (i) collect and remit all principal and interest payments to the Trustee and (ii) keep the proceeds of such loans separate from the other assets of the Administrator and clearly identify such assets as Plan assets. To originate a participant loan, the Plan participant shall direct the Trustee as to the term and the amount of the loan to be made from the participant's individual account. Such directions shall be made by Plan participants by use of the telephone exchange system maintained for such purpose by the Trustee or its agent. The Trustee shall determine, based on the current value of the participant's account on the date of the request and any guidelines provided by the Sponsor, the amount available for the loan. Based on the monthly interest rate supplied by the Sponsor in accordance with the terms of the Plan, the Trustee shall advise the participant of such interest rate, as well as the installment payment amounts. The Trustee shall distribute the loan note with the proceed check to the participant and obtain spousal consent if applicable. The Trustee shall also distribute truth-in-lending disclosure to the participant. To facilitate recordkeeping, the Trustee may destroy the original of any promissory note made in connection with a loan to a participant under the Plan, provided that the Trustee first creates a duplicate by a photographic or optical scanning or other process yielding a reasonable facsimile of the promissory note and the Plan participant's signature thereon, which duplicate may be reduced or enlarged in size from the actual size of the original promissory note. In any proceeding to enforce payment of such promissory note, such a duplicate shall be treated as the original for all purposes, and the Plan participant shall waive any defense he might otherwise have to enforcement of the promissory note by reason of the Trustee's failure to produce the original promissory note.

(2)    Amending Schedule "A" and Schedule "C" to reflect the addition of the following investment options, to be effective January 1, 1994:

- Asset Manager
- Asset Manager: Growth
- Asset Manager: Income
- Fidelity Overseas Fund

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Third Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY

By _Gary L. Kaseny_  _10/12/93_
                          Date

FIDELITY MANAGEMENT
TRUST COMPANY

By _[signature]_  _10/20/93_
    Senior Vice President         Date

FOURTH AMENDMENT TO TRUST AGREEMENT
BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND
ADOLPH COORS COMPANY

THIS FOURTH AMENDMENT, dated as of the 31st day of December, by and
between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company
(the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a trust agreement
dated May 31, 1992 with regard to the Coors Savings and Investment Plan (the "Plan"); and

NOW THEREFORE, in consideration of the above premises, the Trustee and the
Sponsor hereby amend the trust agreement as provided for in Section 13 thereof by:

• Replacing all references to Fidelity Employee Benefit U.S. Government
Reserves Portfolio with the following:

In order to provide the necessary monies for exchanges or redemptions from the
GIC or Sponsor Stock Fund investment options, if any, under the Plan, the Sponsor
agrees that the Plan shall maintain a liquidity reserve allocated to such investment
option in Fidelity Institutional Cash Portfolios: Money Market Portfolio: Class A or
such other Mutual Fund or commingled money market pool as agreed to by the
Sponsor and Trustee. The Sponsor shall have the right to direct the Trustee as to
the manner in which the Trustee is to vote the Mutual Fund shares held in any short-
term investment fund or liquidity reserve.

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Fourth
Amendment to be executed by their duly authorized officers effective as of the day and year
first above written.

ADOLPH COORS COMPANY

By _____  12/26/94
                          Date

FIDELITY MANAGEMENT
TRUST COMPANY

By _____  1/25/95
Senior Vice President     Date

FIFTH AMENDMENT TO TRUST AGREEMENT
BETWEEN FIDELITY MANAGEMENT TRUST COMPANY
AND ADOLPH COORS COMPANY

THIS FIFTH AMENDMENT, dated as of the fifteenth day of May, 1995, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor"); and

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend the trust agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby agree that the Trust Agreement shall be amended as follows:

(1)     Amending and restating Section 3(a), in its entirety, with the following:

Directions from Administrator. The Trustee shall make disbursements in the amounts and in the manner that the Administrator directs from time to time in writing. The Sponsor hereby directs that, pursuant to the Plan, a participant withdrawal request may be made by telephone and the Trustee shall process such request only after the identity of the participant is verified by use of a personal identification number ("PIN") and social security number. The Trustee shall have the responsibility to provide participants with 402(f) notice and to process tax withholding and reporting for such disbursements in accordance with this agreement. The Trustee shall have no responsibility to ascertain any direction's compliance with the terms of the Plan or of any applicable law; nor shall the Trustee have any responsibility to see to the application of any disbursement.

(2)     Amending and restating the third bullet under the "Processing" section of Schedule "A" to read as follows:

*     Daily processing of withdrawals via telephone due to specific circumstances previously authorized by the Sponsor.

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Fifth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                        FIDELITY MANAGEMENT TRUST COMPANY

By _____  5/25/95         By _____  6/5/95
                            Date                  Vice President              Date

SIXTH AMENDMENT TO TRUST AGREEMENT BETWEEN
FIDELITY MANAGEMENT TRUST COMPANY AND
ADOLPH COORS COMPANY

THIS SIXTH AMENDMENT, dated as of the first day of February, 1997, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said trust agreement as provided for in Section 13 therof;

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the trust agreement by:

(1)     Amending Schedule "B" as follows:

**FEES EFFECTIVE SEPTEMBER 30, 1996**

- Annual Participation Fee
$5.00 per participant*, billed and payable quarterly.

Note:   These fees have been negotiated and accepted based on current plan assets of $352 million, current participation of 8,000 participants and projected cash flows of $10.0 million per year. Fees will be subject to revision if these plan characteristics change significantly by either falling below or exceeding current or projected levels.

(2)     Amending Section 4(b) Available Investment Options by inserting a new subsection 4(b)(vii),

(vii) securities issued by investment companies not advised by Fidelity Management & Research Company ("Non-Fidelity Mutual Funds").

(3)     Inserting a new Section 4(j), Non-Fidelity Mutual Funds, as follows:

All transactions involving Non-Fidelity Mutual Funds shall be done in accordance with the Operating Procedures attached hereto as Schedule "J".

(4)     Adding a Schedule "J", Operating Procedures for Non-Fidelity Mutual Funds, as attached.

(5)     Amending the "investment options" portion of Schedules "A" and "C" to add the following:

* Maintenance of the following investment options:

USAA International Fund
Janus Worldwide Fund

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Sixth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY

FIDELITY MANAGEMENT TRUST COMPANY

By _~~~~~~~~~~~~~~~~~~~~ 1/27/97
                      Date

By _~~~~~~~~~~~~~~~~~~~~ 2/12/97
  Vice President            Date

Schedule "J"

## OPERATING PROCEDURES FOR NON-FIDELITY MUTUAL FUNDS

### Pricing

By 7:00 p.m. Eastern Time ("ET") each Business Day, the Fund Vendor will input the following information ("Price Information") into the Fidelity Participant Recordkeeping System ("FPRS") via the remote access price screen that Fidelity Investments Institutional Operations Company ("FIIOC"), an affiliate of the Trustee, has provided to the Fund Vendor: (1) the net asset value for each Fund at the Close of Trading, (2) the change in each Fund's net asset value from the Close of Trading on the prior Business Day, and (3) in the case of an income fund or funds, the daily accrual for interest rate factor ("mil rate"). FIIOC must receive Price Information each Business Day. If on any Business Day the Fund Vendor does not provide such Price Information to FIIOC, FIIOC shall pend all associated transaction activity in the Fidelity Participant Recordkeeping System ("FPRS") until the relevant Price Information is made available by the Fund Vendor.

### Trade Activity and Wire Transfers

By 7:00 a.m. ET each Business Day following Trade Date ("Trade Date plus One"), FIIOC will provide, via facsimile, to the Fund Vendor a consolidated report of net purchase or net redemption activity that occurred in each of the Funds up to 4:00 p.m. ET on the prior Business Day. The report will reflect the dollar amount of assets and shares to be invested or withdrawn for each Fund. FIIOC will transmit this report to the Fund Vendor each Business Day, regardless of processing activity. In the event that data contained in the 7:00 a.m. ET facsimile transmission represents estimated trade activity, FIIOC shall provide a final facsimile to the Fund Vendor by no later than 9:00 a.m. ET. Any resulting adjustments shall be processed by the Fund Vendor at the net asset value for the prior Business Day.

The Fund Vendor shall send via regular mail to FIIOC transaction confirms for all daily activity in each of the Funds. The Fund Vendor shall also send via regular mail to FIIOC, by no later than the fifth Business Day following calendar month close, a monthly statement for each Fund. FIIOC agrees to notify the Fund Vendor of any balance discrepancies within twenty (20) Business Days of receipt of the monthly statement.

For purposes of wire transfers, FIIOC shall transmit a daily wire for aggregate purchase activity and the Fund Vendor shall transmit a daily wire for aggregate redemption activity, in each case including all activity across all Funds occurring on the same day.

## Prospectus Delivery

FIIOC shall be responsible for the timely delivery of Fund prospectuses and periodic Fund reports ("Required Materials") to Plan participants, and shall retain the services of a third-party vendor to handle such mailings. The Fund Vendor shall be responsible for all materials and production costs, and hereby agrees to provide the Required Materials to the third-party vendor selected by FIIOC. The Fund Vendor shall bear the costs of mailing annual Fund reports to Plan participants. FIIOC shall bear the costs of mailing prospectuses to Plan participants.

## Proxies

Participants shall have the right to direct the Trustee as to the manner in which the Trustee is to vote the shares of the Non-Fidelity Mutual Funds credited to the participant's accounts (both vested and unvested). The Trustee shall vote the shares as directed by the participant. The Trustee shall not vote shares for which it has received no directions from the participant. During the participant recordkeeping reconciliation period, the Sponsor shall have the right to direct the Trustee as to the manner in which the Trustee is to vote the shares of the Non-Fidelity Mutual Funds in the Trust. With respect to all rights other than the right to vote, the Trustee shall follow the directions of the participant and if no such directions are received, the directions of the Named Fiduciary. The Trustee shall have no further duty to solicit directions from participants or the Sponsor.



The Fund Vendor shall be responsible for all costs associated with the production of proxy materials. FIIOC shall retain the services of a third-party vendor to handle proxy solicitation mailings and vote tabulation. Expenses associated with such services shall be billed directly to the Fund Vendor by the third-party vendor.

## Participant Communications

The Fund Vendor shall provide internally-prepared fund descriptive information approved by the Funds' legal counsel for use by FIIOC in its written participant communication materials. FIIOC shall utilize historical performance data obtained from third-party vendors (currently Morningstar, Inc., FACTSET Research Systems and Lipper Analytical Services) in telephone conversations with plan participants and in quarterly participant statements. The Sponsor hereby consents to FIIOC's use of such materials and acknowledges that FIIOC is not responsible for the accuracy of such third-party information. FIIOC shall seek the approval of the Fund Vendor prior to retaining any other third-party vendor to render such data or materials under this Agreement.

## Compensation

FIIOC shall be entitled to fees as set forth in a separate agency agreement with the Fund Vendor.

## Indemnification

The Fund Vendor shall be responsible for compensating participants and/or FIIOC in the event that losses occur as a result of (1) the Fund Vendor's failure to provide FIIOC with Price Information or (2) providing FIIOC with incorrect Price Information.

SEVENTH AMENDMENT TO TRUST AGREEMENT BETWEEN
FIDELITY MANAGEMENT TRUST COMPANY AND
ADOLPH COORS COMPANY

THIS SEVENTH AMENDMENT, dated as of the second day of May, 1997, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said trust agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the trust agreement by:

(1)    **Effective January 1, 1996**, amending the "investment options" portion of Schedules "A" and "C" to add the following:

- Fidelity Fund
- Fidelity Equity-Income Fund
- Fidelity Low-Priced Stock Fund
- Fidelity Blue Chip Growth Fund

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Seventh Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST
COMPANY

By _____             By _____
                        Date              Vice President              Date

## EIGHTH AMENDMENT TO TRUST AGREEMENT BETWEEN
## FIDELITY MANAGEMENT TRUST COMPANY AND
## ADOLPH COORS COMPANY

THIS EIGHTH AMENDMENT, dated as of the twenty-fifth day of August, 1997, by and between Fidelity Management Trust Company (the "Trustee") and Adolph Coors Company (the "Sponsor");

### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises, the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1)     Amending the "money classifications" portion of Schedule "A" by adding the following classification:

- Employer Contribution

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Eighth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST COMPANY


By: _Katherine L. MacWilliams_____          By:_____  11|4|97
       Katherine L. MacWilliams      Date               Vice President              Date
       Vice President and Treasurer
      (On Behalf of the Coors Plan
       Investment and Administration
       Committee)

### NINTH AMENDMENT TO TRUST AGREEMENT BETWEEN
### FIDELITY MANAGEMENT TRUST COMPANY AND
### ADOLPH COORS COMPANY

THIS NINTH AMENDMENT, dated as of the first day of January, 1998, by and between Fidelity Management Trust Company (the "Trustee"), Adolph Coors Company and Coors Brewing Company (collectively and individually, the "Sponsor");

#### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

WHEREAS, the Sponsor has directed the Trustee to accept and hold the assets of the Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery in accordance with this Trust Agreement; and

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1)    Amending the first WHEREAS Clause to read as follows:

WHEREAS, the Adolph Coors Company is the sponsor of the Coors Savings and Investment Plan and Coors Brewing Company is the sponsor of the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (collectively and individually, the "Plan"); and

(2)    Inserting a new WHEREAS clause to read as follows:

WHEREAS, the Trustee shall maintain a separate account reflecting the equitable share of each Plan in the Trust and in all investments, receipts, disbursements and other transactions hereunder, and shall report the value if such equitable share at such times as may be mutually agreed upon by the Trustee and the Sponsor. Such equitable share shall be used solely for the payments of benefits, expenses and other charges properly allocable to each such Plan and shall not be used for the payment of benefits, expenses or other charges properly allocable to any other Plan.

(3)    Amending the first sentence of Section 1 to read as follows:

The Sponsor hereby establishes the Coors Saving & Investment Master Trust (the "Trust"), with the Trustee.

(4)     Amending "money classifications" of Schedule "A" by restating as follows:

* Maintenance of the following money classifications for the Coors Savings and Investment Plan:

  - Savings & Investment
  - TERA Basic
  - TERA Additional
  - Employer Pre-1987
  - Employer Post-1986
  - Employer PAYSOP
  - Rollover Contribution
  - Employer Contribution

* Maintenance of the following money classifications for the Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery:

  - Memphis 401(k) Contributions
  - Rollover

(5)     Amending Schedule "A" by adding the following item to the list of Participant telephone services:

Effective March 1, 1998:

- Enroll new participants via telephone; provide confirmation of enrollment within five (5) days of the request.
- Enrollment kits.

(6)     Amending Schedule "B" by adding the following item:

Effective March 1, 1998:

Enrollments by Phone:          $5.00 per non-active employee residing on Fidelity's participant recordkeeping system.

(7)     Adding Schedules "D-1", "E-1" and "F-1" as attached.

IN WITNESS WHEREOF, the Trustee and each Sponsor have caused this Ninth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY

By _____
                                          Date
Senior Vice President,
Chief Financial Officer
        COORS BREWING COMPANY

BY _____
                                          Date
Senior Vice President,
Chief Financial Officer

FIDELITY MANAGEMENT TRUST
COMPANY

By _____ 2/4/98
    Vice President              Date

3

# Holme Roberts & Owen LLP

January 22, 1998

Ms. Carolyn Redden
Fidelity Investments Institutional Operations Company, Inc.
82 Devonshire Street, MM3H
Boston, MA 02109



Re:    Coors 401(k) Savings Plan for Hourly Employees at the Memphis,
       Tennessee Brewery

Dear Ms. Redden:

In accordance with your request, this letter sets forth our opinion with respect to the qualified status under Section 401(a) of the Internal Revenue Code of 1986 (the "Code"), of the Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery, as amended to the date of this letter (the "Plan").

The material facts regarding the Plan as they have been represented to us by the Company are as follows. The most recent favorable determination letter as to the Plan's qualified status under section 401(a) of the Code was issued by the Dallas, Texas District Director of the Internal Revenue Service and was dated May 25, 1995. A copy of the letter is enclosed. The version of the Plan submitted by Coors Brewing Company (the "Company") for the District Director's review in connection with this determination letter did not contain subsequent amendments, effective as of July 1, 1996, permitting participant loans.

The Company has recently amended and restated the Plan effective January 1, 1998. The amended and restated Plan provides, among other things, for investment in the Coors Stock Fund, and an increase in the percentage of compensation that employees may defer under the Plan. The amended and restated Plan also incorporates recent changes in the tax law by revising the definition of Highly Compensated Employee ("HCE"), eliminating family aggregation and increasing the mandatory distribution cash-out limit to $5,000.

The Company has informed us that it intends to submit the amended and restated Plan to the Dallas, Texas District Director of the Internal Revenue Service to request a favorable determination letter as to the Plan's qualified status under section 401(a) of the Code. The Company may have to make some modifications to the Plan at the request of the Internal Revenue Service in order to obtain this favorable determination letter, but we do not expect any of these modifications to be material. The Company has informed us that it will make these modifications.

'orneys at Law
)0 Lincoln Street
te 4100
wer, Colorado
03-4541
(303)861-7000
(303)866-0200
.hro.com

er
Lake City
ler
ado Springs
m
w

#366816

Holme Roberts & Owen LLP

Ms. Carolyn Redden
January 22, 1998
Page 2

Based on the foregoing statements of the Company and our review of the provisions of the Plan, it is our opinion that the Internal Revenue Service will issue a favorable determination letter as to the qualified status of the Plan in form, as modified at the request of the Internal Revenue Service, under section 401(a) of the Code, subject to the customary condition that continued qualification of the Plan, as modified, will depend on its effect in operation.

Furthermore, to the extent that the assets are in part invested in common stock issued by the Company or an affiliate, it is our opinion that the Plan is an "eligible individual account plan" (as defined under section 407(d)(3) of ERISA) and that the shares of common stock of the Company held and to be purchased under the Plan are "qualifying employer securities" (as defined under section 407(d)(5) of ERISA).

Finally, we have advised the Company that interests in the Plan and certain transactions under the Plan involving the issuance of Company stock are required to be registered under the Securities Act of 1933, as amended, on Form S-8.

Our opinions set forth in this letter are based on current provisions of the Code, applicable Treasury regulations and judicial and administrative interpretations of the Code and regulations, all of which are subject to change. Such change may be applied retroactively.

Very truly yours,

*[signature]*

#366816



**Coors Brewing Company**
Golden, Colorado 80401-1295

Schedule "E-1"

January 1, 1998

Ms. Carolyn Redden
Fidelity Investments Institutional Operations Company, Inc.
82 Devonshire Street - MM3H
Boston, Massachusetts 02109

Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery

Dear Ms. Redden:

This letter is sent to you in accordance with Section 7(c) of the Trust Agreement, dated as of May 31, 1992, between Coors Brewing Company and Fidelity Management Trust Company. I hereby designate Robert W. Ehret, Stuart Forman, Katherine L. MacWilliams, and Timothy V. Wolf, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying. Only one such individual need provide any direction. The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until [I or we] deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

*Katherine L. MacWilliams*

Katherine L. MacWilliams
Vice President, Treasurer
On behalf of the Plan Investment
and Administration Committee

By

*Robert W. Ehret*

Robert W. Ehret

*Stuart Forman*

Stuart Forman

*Timothy V. Wolf*

Timothy V. Wolf



**Coors Brewing Company**
Golden, Colorado 80401-1295

**Schedule "D-1"**

January 1, 1998

Ms. Carolyn Redden
Fidelity Investments Institutional Operations Company, Inc.
82 Devonshire Street- MM3H
Boston, Massachusetts 02109

Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery

*** NOTE: This schedule should contain names and signatures for ALL individuals who will be providing directions to Fidelity representatives in connection with the Plan.

Fidelity representatives will be unable to accept directions from any individual whose name does not appear on this schedule.***

Dear Ms. Redden:

This letter is sent to you in accordance with Section 7(b) of the Trust Agreement, dated as of May 31, 1992, between Coors Brewing Company and Fidelity Management Trust Company. I hereby designate Barbara Albanesi, Richard Harris, and Susan Poletti, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying. Only one such individual need provide any direction. The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until I deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

Katherine L. MacWilliams
Vice President, Treasurer
On behalf of the Plan Investment
and Administration Committee

By

I. For Administration

Barbara Albanesi

Susan Poletti

II. For Investments

Richard Harris



## TENTH AMENDMENT TO TRUST AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND ADOLPH COORS COMPANY

THIS TENTH AMENDMENT, dated as of the first day of February, 1998, by and between Fidelity Management Trust Company (the "Trustee"), Adolph Coors Company and Coors Brewing Company (collectively and individually, the "Sponsor");

### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan and the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1)     Amending the "investment options" section of Schedules "A" and "C" to add the following:

- Fidelity Money Market Trust: Retirement Government Money Market Portfolio
- PIMCO Total Return Fund

(2)     Amending Schedule "B" by adding the following new section:

Non-Fidelity Mutual Funds:         .35% annual administration fee on the following Non-Fidelity Mutual Fund assets which are equity/balanced funds: PIMCO Total Return Fund and USAA International Fund. .25% trust administration fee on all other Non-Fidelity Mutual Fund assets (to be paid by the Non-Fidelity Mutual Fund vendor.)

IN WITNESS WHEREOF, the Trustee and each Sponsor have caused this Tenth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST COMPANY

By _____            By _____ 2/18/98
                        Date               Vice President          Date

COORS BREWING COMPANY

By _____
                        Date



**ADOLPH COORS COMPANY**

### SCHEDULE "E"

Ms. Jacqueline W. McCarthy
Fidelity Investments Institutional Operations Company
82 Devonshire Street
Boston, Massachusetts  02109

Coors Savings and Investment Plan
and Coors Porcelain Savings and Investment Plan

Dear Ms. McCarthy:

This letter is sent to you in accordance with Section 7(c) of the Trust Agreement, dated as of May 31, 1992, between Adolph Coors Company and Fidelity Management Trust Company.  I hereby designate the persons listed below, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying.  Only one such individual need provide any direction.  The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until I deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

Adolph Coors Company

By _____
Harold R. Smethills
Chairman, Plan Investment
and Administration Committee

_____
Gerry L. Kaveny

_____
Harold R. Smethills

_____
Joe G. Warren, Jr.

_____
Richard D. Zallmann

1819 DENVER WEST DRIVE
BLDG. 26, SUITE 400
GOLDEN, COLORADO 80401-3112



Coors Brewing Company
Golden, Colorado 80401-1295

Schedule "E-1"

January 1, 1998

Ms. Carolyn Redden
Fidelity Investments Institutional Operations Company, Inc.
82 Devonshire Street - MM3H
Boston, Massachusetts  02109

Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery

Dear Ms. Redden:

This letter is sent to you in accordance with Section 7(c) of the Trust Agreement, dated as of May 31, 1992, between Coors Brewing Company and Fidelity Management Trust Company. I hereby designate Robert W. Ehret, Stuart Forman, Katherine L. MacWilliams, and Timothy V. Wolf, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying. Only one such individual need provide any direction. The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until [I or we] deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

*Katherine L. MacWilliams*

Katherine L. MacWilliams
Vice President, Treasurer
On behalf of the Plan Investment
and Administration Committee

By

*Robert W. Ehret*

Robert W. Ehret

*Stuart Forman*

Stuart Forman

*Timothy V. Wolf*

Timothy V. Wolf



Fidelity Institutional Retirement Services Company
A division of Fidelity Investments Institutional Services Company, Inc.

300 Puritan Way MM3H
Marlborough, MA 01752-3078

January 25, 1999

**VIA OVERNIGHT DELIVERY**

Ms. Barbara Albanesi
Coors Brewing Company
311 Tenth Street
Golden, CO 80401

Re:    **Coors Savings and Investment Plan, 401(k) Savings Plan for Hourly Employees at the
        Memphis, Tennessee Brewery**

Dear Ms. Albanesi:

Enclosed please find two original eleventh Amendments to the Trust Agreement for the above referenced
plan for execution. Both originals should be returned to me after execution. I will then have the
documents executed on behalf of Fidelity Management Trust Company and return one fully executed
amendment to you for your files.

After execution, please forward the originals, via overnight delivery, to:

        Sarah L. Mullins
        Fidelity Investments
        300 Puritan Way, MM3H
        Marlborough, MA 01752-3078

Also enclosed is our most recent copy of Schedule "E" which lists the individuals who may provide
directions to Fidelity. Please have the amendments executed by one of the designated individuals. If the
letter is incorrect, please revise and return the updated letter along with the executed amendments to me.

If you have any questions or concerns, please do not hesitate to contact me at (508) 787-8123. If
necessary, I can receive fax transmissions at (508) 481-5644.

Sincerely,

Sarah L. Mullins

Sarah L. Mullins, Esq.
Director, Contracts Administration

Enclosures

cc:    Donna Doda, DW4C

## ELEVENTH AMENDMENT TO TRUST AGREEMENT BETWEEN
## FIDELITY MANAGEMENT TRUST COMPANY AND
## ADOLPH COORS COMPANY

THIS ELEVENTH AMENDMENT, dated as of the fifteenth day of February, 1999, by and between Fidelity Management Trust Company (the "Trustee") Adolph Coors Company and Coors Brewing Company (individually and collectively, the "Sponsor");

WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Master Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan and the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (individually and collectively, the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises, the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1)     Amending the "Exchange Restrictions" portion of Schedule "H", Telephone Exchange Guidelines, by adding the following:

Participants who exchange out of the Coors Stock Fund must wait a minimum of fourteen (14) days before exchanging back into the Stock Fund.

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this eleventh Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST COMPANY

By: _____          By: _____  2/4/04
                        Date                                        Date

COORS BREWING COMPANY

By: _____  2/15/97
                        Date



**ADOLPH COORS COMPANY**

### SCHEDULE "E"

Ms. Jacqueline W. McCarthy
Fidelity Investments Institutional Operations Company
82 Devonshire Street
Boston, Massachusetts  02109

Coors Savings and Investment Plan
and Coors Porcelain Savings and Investment Plan

Dear Ms. McCarthy:

This letter is sent to you in accordance with Section 7(c) of the Trust Agreement, dated as of May 31, 1992, between Adolph Coors Company and Fidelity Management Trust Company. I hereby designate the persons listed below, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying. Only one such individual need provide any direction. The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until I deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

Adolph Coors Company

By _____
Harold R. Smethills
Chairman, Plan Investment
and Administration Committee

_____
Gerry L. Kaveny

_____
Harold R. Smethills

_____
Joe G. Warren, Jr.

_____
Richard D. Zillmann

1819 DENVER WEST DRIVE
BLDG. 26, SUITE 400
GOLDEN, COLORADO 80401-3112



Coors Brewing Company
Golden, Colorado 80401-1295

**Schedule "E-1"**

January 1, 1998

Ms. Carolyn Redden
Fidelity Investments Institutional Operations Company, Inc.
82 Devonshire Street - MM3H
Boston, Massachusetts 02109

Coors 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery

Dear Ms. Redden:

This letter is sent to you in accordance with Section 7(c) of the Trust Agreement, dated as of May 31, 1992, between Coors Brewing Company and Fidelity Management Trust Company. I hereby designate Robert W. Ehret, Stuart Forman, Katherine L. MacWilliams, and Timothy V. Wolf, as the individuals who may provide directions upon which Fidelity Management Trust Company shall be fully protected in relying. Only one such individual need provide any direction. The signature of each designated individual is set forth below and certified to be such.

You may rely upon each designation and certification set forth in this letter until [I or we] deliver to you written notice of the termination of authority of a designated individual.

Very truly yours,

*Katherine L. MacWilliams*
Katherine L. MacWilliams
Vice President, Treasurer
On behalf of the Plan Investment
and Administration Committee

By

*Robert W. Ehret*
Robert W. Ehret

*Stuart Forman*
Stuart Forman

*Timothy V. Wolf*
Timothy V. Wolf


RINK
&FELY

*Twelfth*

## ELEVENTH AMENDMENT TO TRUST AGREEMENT BETWEEN
## FIDELITY MANAGEMENT TRUST COMPANY AND
## ADOLPH COORS COMPANY

THIS ELEVENTH AMENDMENT, dated as of the first day of October, 1999, by and between Fidelity Management Trust Company (the "Trustee"), Adolph Coors Company and Coors Brewing Company (collectively and individually, the "Sponsor");

### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan and the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises, the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1)    Adding a new Section 14, <u>Electronic Services,</u> as follows, and renumbering all subsequent subsections accordingly:

Section 14.  <u>Electronic Services</u>.

(a)    The Trustee may provide communications and services via electronic medium ("Electronic Services"), including, but not limited to, Fidelity Plan Sponsor WebStation, Client Intranet, Client e-mail, interactive software products or any other information provided in an electronic format. The Sponsor, its agents and employees agree to keep confidential and not publish, copy, broadcast, retransmit, reproduce, commercially exploit or otherwise redisseminate the data, information, software or services without the Trustee's written consent.

(b)    The Sponsor shall be responsible for installing and maintaining all Electronic Services on its computer network and/or Intranet upon receipt in a manner so that the information provided via the Electronic Service will appear in the same form and content as it appears on the form of delivery, and for any programming required to accomplish the installation. Materials provided for Plan Sponsor's intranet web sites shall be installed by the Sponsor and shall be clearly identified as originating from Fidelity. The Sponsor shall promptly remove Electronic Services from its computer network and/or Intranet, or replace the Electronic Service with an updated service provided by the Trustee, upon written notification (including written notification via facsimile) by the Trustee.

(c)    All Electronic Services shall be provided to the Sponsor without any express or implied legal warranties or acceptance of legal liability by the Trustee relative to the use of material or Electronic Services by the Sponsor. No rights are conveyed to any property, intellectual or tangible, associated with the contents of the Electronic Services and related material.

(d)    To the extent that any Electronic Services utilize Internet services to transport data or communications, the Trustee will take, and Plan Sponsor agrees to follow, reasonable security precautions; however, the Trustee disclaims any liability for interception

of any such data or communications. The Trustee shall not be responsible for, and makes no warranties regarding access, speed or availability of Internet or network services. The Trustee shall not be responsible for any loss or damage related to or resulting from any changes or modifications to the electronic material after delivering it to the Plan Sponsor.

(2)    Amending the "investment options" section of Schedules "A" and "C" to add the following:

- INVESCO Small Company Growth Fund

(3)    Amending Schedule "B" by restating the following paragraph:

Non-Fidelity Mutual Funds:                 Non-Fidelity Mutual Fund vendor shall pay service fees directly to Fidelity Management Trust Company equal to a percentage (generally 25 or 35 basis points) of plan assets invested in such Non-Fidelity Mutual Funds.

(4)    Amending Schedule "B" by restating the "Other Fees" paragraph, as follows:

Other Fees: separate charges for optional non-discrimination testing, extraordinary expenses resulting from large numbers of simultaneous manual transactions, from errors not caused by Fidelity, reports not contemplated in this Agreement, corporate actions, or the provision of communications materials in hard copy which are also accessible to participants via electronic services in the event that the provision of such material in hard copy would result in an additional expense deemed to be material. The Administrator may withdraw reasonable administrative fees from the Trust by written direction to the Trustee.

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this ~~Eleventh~~ Twelvth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY                    FIDELITY MANAGEMENT TRUST COMPANY

By: _____ 9/23/99           By: _____ 10/8/99
                        Date                Vice President            Date

COORS BREWING COMPANY

By: _____ 9/23/99
                        Datec

## THIRTEENTH AMENDMENT TO TRUST AGREEMENT BETWEEN FIDELITY MANAGEMENT TRUST COMPANY AND ADOLPH COORS COMPANY

THIS THIRTEENTH AMENDMENT, dated as of the fifteenth day of February, 2000, by and between Fidelity Management Trust Company (the "Trustee") Adolph Coors Company and Coors Brewing Company (individually and collectively, the "Sponsor");

### WITNESSETH:

WHEREAS, the Trustee and the Sponsor heretofore entered into a Trust Agreement dated May 31, 1992, with regard to the Coors Savings and Investment Plan and the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (the "Plan"); and

WHEREAS, the Trustee and the Sponsor now desire to amend said Trust Agreement as provided for in Section 13 thereof;

NOW THEREFORE, in consideration of the above premises, the Trustee and the Sponsor hereby amend the Trust Agreement by:

(1) Amending the "money classifications" section of Schedule "A" to add the following for the Coors Savings and Investment Plan:

- Profit Based Match

IN WITNESS WHEREOF, the Trustee and the Sponsor have caused this Thirteenth Amendment to be executed by their duly authorized officers effective as of the day and year first above written.

ADOLPH COORS COMPANY

By: _Barbara Albanese_  2/2/00
                        Date

FIDELITY MANAGEMENT TRUST COMPANY

By: _Carolyn Redden_ 2/25/00
    Vice President          Date

COORS BREWING COMPANY

By: _Barbara Albanese_  2/2/00
                        Date