# EXHIBIT 9


10kWIZARD

# FORM 8-K

## MOLSON COORS BREWING CO − TAP

Filed: October 06, 2003 (period: October 03, 2003)

Report of unscheduled material events or corporate changes.

# Table of Contents

**ITEM 5.**   Other Events and Required FD Disclosure

SIGNATURES
EXHIBIT INDEX
EX-2.1 (Plan of acquisition)

EX-99.1 (Exhibits not specifically designated by another number and by investment companies)

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, DC 20549

## FORM 8-K

### CURRENT REPORT

Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported) **October 3, 2003**

## ADOLPH COORS COMPANY
(Exact name of registrant as specified in its chapter)

| DELAWARE | 1-14829 | 84-0178360 |
|---|---|---|
| (State or other jurisdiction of incorporation) | (Commission File Number) | (IRS Employer Identification No.) |

**311 Tenth Street**
**Golden, Colorado**
(Address of principal executive offices)

**80401**
(Zip Code)

Registrant's telephone number, including area code **(303) 279-6565**

**Not applicable**
(Former name or former address, if changed since last report)

---

### ITEM 5. Other Events and Required FD Disclosure

Effective October 3, 2003, Adolph Coors Company changed its state of incorporation from Colorado to Delaware. The change in the company's state of incorporation was approved by its shareholders at a special meeting of shareholders held on October 3, 2003.

The reincorporation in the State of Delaware was accomplished by the merger of the company with and into Adolph Coors Company, a Delaware corporation ("Coors"), its wholly owned subsidiary, which was the surviving corporation in the merger. The reincorporation will not result in any change in the company's name, headquarters, business, jobs, management, location of offices or facilities, number of employees, taxes payable to the State of Colorado, assets, liabilities or net worth. The company's Class B common

stock will continue to trade on the New York Stock Exchange under the symbol RKY. Shareholders will not be required to undertake a mandatory exchange of the company's shares. Certificates for the company's shares automatically represent an equal number of shares of Coors.

On October 3, 2003, Adolph Coors Company issued the press release filed as Exhibit 99.1 to this Current Report on Form 8-K announcing the effectiveness of the reincorporation.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

ADOLPH COORS COMPANY
(Registrant)

Date: October 3, 2003

/s/ ANNITA M. MENOGAN
Annita M. Menogan, Secretary

## EXHIBIT INDEX

| Exhibit No. | Description |
| --- | --- |
| 2.1 | Merger Agreement, dated August 14, 2003, between Adolph Coors Company, a Colorado corporation, and Adolph Coors Company, a Delaware corporation. |
| 99.1 | Press release of Adolph Coors Company dated October 3, 2003, announcing the effectiveness of the reincorporation of Adolph Coors Company from the State of Colorado to the State of Delaware. |

Exhibit 2.1

# AGREEMENT AND PLAN OF MERGER

This AGREEMENT AND PLAN OF MERGER (hereinafter called this "Agreement"), dated as of August 14, 2003, is entered into between Adolph Coors Company, a public company incorporated in the State of Colorado (the "Company") and Adolph Coors Company, a Delaware corporation and a wholly owned subsidiary of the Company ("ACC Delaware").

## RECITALS

WHEREAS, the board of directors of each of the Company and ACC Delaware deems it advisable, upon the terms and subject to the conditions herein stated, that the Company be merged with and into ACC Delaware, and that ACC Delaware be the surviving corporation (the "Reincorporation Merger"); and

WHEREAS, the Company will submit this Agreement for approval by separate class vote of (a) the holders of shares of Class A common stock, without par value, of the Company ("Colorado Class A Stock") and (b) the holders of shares of Class B common stock, without par value, of the Company ("Colorado Class B Stock").

NOW, THEREFORE, in consideration of the premises and of the agreements of the parties hereto contained herein, the parties hereto agree as follows:

## ARTICLE I

### THE REINCORPORATION MERGER; EFFECTIVE TIME

1.1. *The Reincorporation Merger.* Upon the terms and subject to the conditions set forth in this Agreement, at the Effective Time (as defined in Section 1.2), the Company shall be merged with and into ACC Delaware whereupon the separate existence of the Company shall cease. ACC Delaware shall be the surviving corporation (sometimes hereinafter referred to as the "Surviving Corporation") in the Reincorporation Merger and shall continue to be governed by the laws of the State of Delaware. The Reincorporation Merger shall have the effects specified in the General Corporation Law of the State of Delaware, as amended (the "DGCL") and in the Colorado Business Corporation Act, as amended (the "CBCA") and the Surviving Corporation shall succeed, without other transfer, to all of the assets and property (whether real, personal or mixed), rights, privileges, franchises, immunities and powers of the Company, and shall assume and be subject to all of the duties, liabilities, obligations and restrictions of every kind and description of the Company, including, without limitation, all outstanding indebtedness of the Company.

1.1. *Effective Time.* Provided that the condition set forth in Section 5.1 has been fulfilled or waived in accordance with this Agreement and that this Agreement has not been terminated or abandoned pursuant to Section 6.1, on the date of the closing of the Reincorporation Merger, the Company and ACC Delaware shall cause Articles of Merger to be executed and filed with the Secretary of State of Colorado (the "Colorado Articles of Merger")

and a Certificate of Merger to be executed and filed with the Secretary of State of Delaware (the "Delaware Certificate of Merger"). The Reincorporation Merger shall become effective upon the date and time specified in the Colorado Articles of Merger and the Delaware Certificate of Merger (the "Effective Time").

## ARTICLE II

### CHARTER AND BYLAWS OF THE SURVIVING CORPORATION

2.1. *The Certificate of Incorporation.* The certificate of incorporation of ACC Delaware in effect at the Effective Time shall be the certificate of incorporation of the Surviving Corporation, until amended in accordance with the provisions provided therein or applicable law.

2.2. *The Bylaws.* The bylaws of ACC Delaware in effect at the Effective Time shall be the bylaws of the Surviving Corporation, until amended in accordance with the provisions provided therein or applicable law.

## ARTICLE III

### OFFICERS AND DIRECTORS OF THE SURVIVING CORPORATION

3.1. *Officers.* The officers of the Company at the Effective Time shall, from and after the Effective Time, be the officers of the Surviving Corporation, until their successors have been duly elected or appointed and qualified or until their earlier death, resignation or removal.

3.2. *Directors.* The directors and the members of the various committees of the board of directors of the Company at the Effective Time shall, from and after the Effective Time, be the directors and members of such committees of the Surviving Corporation, until their successors have been duly elected or appointed and qualified or until their earlier death, resignation or removal.

## ARTICLE IV

### EFFECT OF MERGER ON CAPITAL STOCK

4.1. *Effect of Merger on Capital Stock.* At the Effective Time, as a result of the Reincorporation Merger and without any action on the part of the Company, ACC Delaware or the shareholders of the Company:

(a) Each share of Colorado Class A Stock (other than shares ("Dissenting Shares") that are owned by shareholders ("Dissenting Shareholders") exercising dissenters' rights pursuant to Article 113 of the Colorado Business Corporation Act, as amended (the "CBCA")), issued and outstanding immediately prior to the Effective Time shall be converted (without the surrender of stock certificates or any other action) into one fully paid and non-assessable share of Class A common stock, par value $0.01, of ACC Delaware ("Delaware Class A Stock"), with the same rights, powers and privileges as the shares so converted and all shares of Colorado Class A Stock shall be cancelled and retired and shall cease to exist.

(b) Each share of Colorado Class B Stock, issued and outstanding immediately prior to the Effective Time shall be converted (without the surrender of stock certificates or any other action) into one fully paid and non-assessable share of Class B common stock, par value $0.01, of ACC Delaware ("Delaware Class B Stock"), with the same rights, powers and privileges as the shares so converted and all shares of Colorado Class B Stock shall be cancelled and retired and shall cease to exist.

(c) Each option, warrant, purchase right, unit or other security of the Company issued and outstanding immediately prior to the Effective Time shall be (i) converted into and shall be an identical security of ACC Delaware, and (ii) in the case of securities to acquire Colorado Class B Stock, converted into the right to acquire the same number of shares of Delaware Class B Stock as the number of shares of Colorado Class B Stock that were acquirable pursuant to such option, warrant, purchase right, unit or other security. The same number of shares of Delaware Class B Stock shall be reserved for purposes of the exercise of such options, warrants, purchase rights, units or other securities as is equal to the number of shares of the Colorado Class B Stock so reserved as of the Effective Time.

(d) Each share of Delaware Class B Stock owned by the Company shall no longer be outstanding and shall be cancelled and retired and shall cease to exist.

4.2. Certificates. At and after the Effective Time, all of the outstanding certificates which immediately prior thereto represented shares of Colorado Class A Stock (other than Dissenting Shares), Colorado Class B Stock, or options, warrants, purchase rights, units or other securities of the Company shall be deemed for all purposes to evidence ownership of and to represent the shares of the respective Delaware Class A Stock, Delaware Class B Stock, or options, warrants, purchase rights, units or other securities of ACC Delaware, as the case may be, into which the shares of Colorado Class A Stock, Colorado Class B Stock, or options, warrants, purchase rights, units or other securities of the Company represented by such certificates have been converted as herein provided and shall be so registered on the books and records of the Surviving Corporation or its transfer agent. The registered owner of any such outstanding certificate shall, until such certificate shall have been surrendered for transfer or otherwise accounted for to the Surviving Corporation or its transfer agent, have and be entitled to exercise any voting and other rights with respect to, and to receive any dividends and other distributions upon, the shares of Delaware Class A Stock, Delaware Class B Stock or options, warrants, purchase rights, units or other securities of ACC Delaware, as the case may be, evidenced by such outstanding certificate, as above provided.

4.3. Dissenters' Rights. No Dissenting Shareholder shall be entitled to shares of Delaware Class A Stock under this Article IV unless and until the holder thereof shall have failed to perfect or shall have effectively withdrawn or lost such holder's right to dissent from the Reincorporation Merger under the CBCA, and any Dissenting Shareholder shall be entitled to receive only the payment provided by Article 113 of the CBCA with respect to Dissenting Shares owned by such Dissenting Shareholder. If any person or entity who otherwise would be deemed a Dissenting Shareholder shall have failed to properly perfect or shall have effectively withdrawn or lost the right to dissent with respect to any shares which would be Dissenting Shares but for that failure to perfect or withdrawal or loss of the right to dissent, such Dissenting Shares shall thereupon be treated as though such Dissenting Shares had been converted into shares of Delaware Class A Stock pursuant to Section 4.1 hereof.

ARTICLE V

CONDITION

5.1. Condition to Each Party's Obligation to Effect the Reincorporation Merger. The respective obligation of each party hereto to effect the Reincorporation Merger is subject to receipt prior to the Effective Time of the requisite approval of this Agreement and the transactions contemplated hereby by each of the holders of Colorado Class A Stock and Colorado Class B Stock pursuant to the CBCA and the Articles of Incorporation of the Company.

ARTICLE VI

TERMINATION

6.1. Termination. This Agreement may be terminated, and the Reincorporation Merger may be abandoned, at any time prior to the Effective Time, whether before or after approval of this Agreement by the shareholders of the Company, if the board of directors of the Company determines for any reason, in its sole judgment and discretion, that the consummation of the Reincorporation Merger would be inadvisable or not in the best interests of the Company and its shareholders. In the event of the termination and abandonment of this Agreement, this Agreement shall become null and void and have no effect, without any liability on the part of either the Company or ACC Delaware, or any of their respective shareholders, directors or officers.

ARTICLE VII

MISCELLANEOUS AND GENERAL

7.1. Modification or Amendment. Subject to the provisions of applicable law, at any time prior to the Effective Time, the parties hereto may modify or amend this Agreement; provided, however, that an amendment made subsequent to the approval of this Agreement by the holders of Colorado Class A Stock and Colorado Class B Stock shall not (i) alter or change the amount or kind of shares and/or rights to be received in exchange for or on conversion of all or any of the shares or any class or series thereof of such corporation, (ii) alter or change any provision of the certificate of incorporation of the Surviving Corporation to be effected by the Reincorporation Merger, or (iii) alter or change any of the terms of conditions of this Agreement if such alteration or change would adversely affect the holders of any class or series of capital stock of any of the parties hereto.

7.2. Counterparts. This Agreement may be executed in any number of counterparts, each such counterpart being deemed to be an original instrument, and all such counterparts shall together constitute the same agreement.

7.3. GOVERNING LAW. THIS AGREEMENT SHALL BE DEEMED TO BE MADE IN AND IN ALL RESPECTS SHALL BE INTERPRETED, CONSTRUED AND GOVERNED BY AND IN ACCORDANCE WITH THE LAW OF THE STATE OF DELAWARE WITHOUT REGARD TO THE CONFLICT OF LAW PRINCIPLES THEREOF.

7.4. Entire Agreement. This Agreement constitutes the entire agreement and supercedes all other prior agreements, understandings, representations and warranties both written and oral, among the parties, with respect to the subject matter hereof.

7.5. No Third Party Beneficiaries. This Agreement is not intended to confer upon any person other than the parties hereto any rights or remedies hereunder.

7.6. Severability. The provisions of this Agreement shall be deemed severable and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the other provisions hereof. If any provision of this Agreement, or the application thereof to any person or any circumstance, is determined by any court or other authority of competent jurisdiction to be invalid or unenforceable, (a) a suitable and equitable provision shall be substituted therefor in order to carry out, so far as may be valid and enforceable, the intent and purpose of such invalid or unenforceable provision and (b) the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected by such invalidity or unenforceability, nor shall such invalidity or unenforceability affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

7.7. Headings. The headings therein are for convenience of reference only, do not constitute part of this Agreement and shall not be deemed to limit or otherwise affect any of the provisions hereof.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, this Agreement has been duly executed and delivered by the duly authorized officers of the parties hereto as of the date first written above.

ADOLPH COORS COMPANY
a Colorado corporation

By /s/ W. Leo Kiely
Name: W. Leo Kiely
Title: President and Chief Executive Officer

ADOLPH COORS COMPANY
a Delaware corporation

By /s/ Robert M. Reese
Name: Rober M. Reese
Title: Vice President and Chief Legal Officer

Exhibit 99.1

CONTACT: News Media  
Aimee Valdez  
303/277-6472  
**Investor Relations**  
Dave Dunnewald  
303/279-6565  
Kevin Caulfield  
303/277-6894  

FOR IMMEDIATE RELEASE  
10/3/03

## Adolph Coors Company Shareholders Approve Delaware Reincorproation

GOLDEN, Colo. – At a special meeting of shareholders held today at the company's headquarters, Class A and Class B shareholders voted to approve a proposal that will result in the company changing its place of incorporation from Colorado to Delaware. More than 28 million shares voted in favor of the measure (80 percent of outstanding shares).

"We're pleased with the outcome of this vote," said Peter Coors, Chairman of Adolph Coors Company. "This change will be beneficial to the company and its shareholders through obtaining the benefits of Delaware's comprehensive, widely used and extensively interpreted corporate law."

The reincorporation is anticipated to become effective today, and will not result in any change in the company's name, headquarters, business, jobs, management, location of offices or facilities, number of employees, taxes payable to the State of Colorado, assets, liabilities or net worth. Also, the company's Class B common stock will continue to trade on the New York Stock Exchange under the symbol RKY.

More than half of Fortune 500 publicly traded companies are incorporated in Delaware, and according to the October 2002 *Denver Business Journal*, seven of Colorado's top 10 companies (based on number of employees) are incorporated in Delaware.

Founded in 1873, Adolph Coors Company, the holding company for Coors Brewing Company, is the third-largest U.S. brewer and the world's eighth-largest brewer. The company sells its products in North America, Europe, Latin America, the Caribbean and Asia. The company's European subsidiary, Coors Brewers Limited, is the second-

largest brewer in the United Kingdom, with the U.K.'s leading brand, Carling. Adolph Coors Company stock trades on the New York Stock Exchange under the symbol RKY. For more information on Adolph Coors Company, visit the company's Web site at www.coors.com.

# # #

FORWARD-LOOKING STATEMENTS

*This press release includes "forward-looking statements" within the meaning of the federal securities laws, commonly identified by such terms as "believes," "looking ahead," "anticipates," "estimates" and other terms with similar meaning. Although the Company believes that the assumptions upon which its forward-looking statements are based are reasonable, it can give no assurance that these assumptions will prove to be correct. Important factors that could cause actual results to differ materially from the Company's projections and expectations are disclosed in the Company's filings with the Securities and Exchange Commission. All forward-looking statements in this press release are expressly qualified by such cautionary statements and by reference to the underlying assumptions.*

Created by 10KWizard   www.10KWizard.com