# EXHIBIT A

# Federal Labor Laws

TWENTY-EIGHTH EDITION
2006

Title 29, U.S. Code, Labor
Appendix of Related Labor Laws
Popular Name Acts Table
Index
References to:
  Code of Federal Regulations
  Corpus Juris Secundum
  Key Number System



THOMSON
＊
WEST

Mat #40413050

## CHAPTER 18—EMPLOYEE RETIREMENT INCOME SECURITY PROGRAM

### SUBCHAPTER I—PROTECTION OF EMPLOYEE BENEFIT RIGHTS

#### Subtitle A—General Provisions

Sec.
1001. Congressional findings and declaration of policy.
1001a. Additional Congressional findings and declaration of policy.
1001b. Findings and declaration of policy.
1002. Definitions.
1003. Coverage.

#### Subtitle B—Regulatory Provisions

##### Part 1—Reporting and Disclosure

1021. Duty of disclosure and reporting.
1022. Summary plan description.
1023. Annual reports.
1024. Filing and furnishing of information.
1025. Reporting of participant's benefit rights.
1026. Reports made public information.
1027. Retention of records.
1028. Reliance on administrative interpretations.
1029. Forms.
1030. Alternative methods of compliance.
1031. Repeal and effective date.

##### Part 2—Participation and Vesting

1051. Coverage.
1052. Minimum participation standards.
1053. Minimum vesting standards.
1054. Benefit accrual requirements.
1055. Requirement of joint and survivor annuity and preretirement survivor annuity.
1056. Form and payment of benefits.
1057. Temporary variances from certain vesting requirements.
1058. Mergers and consolidations of plans or transfers of plan assets.
1059. Recordkeeping and reporting requirements.
1060. Multiple employer plans.
1061. Effective dates.

##### Part 3—Administration and Enforcement

1131. Criminal penalties.
1132. Civil enforcement.
1133. Claims procedure.
1134. Investigative authority.
1135. Regulations.
1136. Coordination and responsibility of agencies enforcing this subchapter and related Federal laws.
1137. Administration.
1138. Appropriations.
1139. Separability.
1140. Interference with protected rights.
1141. Coercive interference.
1142. Advisory Council on Employee Welfare and Pension Benefit Plans.
1143. Research, studies, and reports.
1143a. Studies by Comptroller General.
1144. Other laws.
1144a. Clarification of church welfare plan status under State insurance law.
1145. Delinquent contributions.
1146. Outreach to promote retirement income savings.
1147. National Summit on Retirement Savings.
1148. Authority to postpone certain deadlines by reason of Presidentially declared disaster or terroristic or military actions.

##### Part 6—Continuation Coverage and Additional Standards For Group Health Plans

1161. Plans must provide continuation coverage to certain individuals.
1162. Continuation coverage.
1163. Qualifying event.
1164. Applicable premium.
1165. Election.
1166. Notice requirements.
1167. Definitions and special rules.
1168. Regulations.
1169. Additional standards for group health plans.

##### Subpart A—Requirements Relating to Portability, Access, and Renewability

1181. Increased portability through limitation on preexisting condition exclusions.

Sec.
1182. Prohibiting discrimination against individual participants and beneficiaries based on health status.
1183. Guaranteed renewability in multiemployer plans and multiple employer welfare arrangements.
Renumbered § 1191.

##### Subpart B—Other Requirements

1185. Standards relating to benefits for mothers and newborns.
1185a. Parity in application of certain limits to mental health benefits.
1185b. Required coverage for reconstructive surgery following mastectomies.
Renumbered § 1191a.
Renumbered § 1191b.
Renumbered § 1191c.

##### Subpart C—General Provisions

1191. Preemption; State flexibility; construction.
1191a. Special rules relating to group health plans.
1191b. Definitions.
1191c. Regulations.

### SUBCHAPTER II—JURISDICTION, ADMINISTRATION, ENFORCEMENT; JOINT PENSION TASK FORCE, ETC.

#### Subtitle A—Jurisdiction, Administration, and Enforcement

1201. Procedures in connection with the issuance of certain determination letters by the Secretary of the Treasury covering qualifications under Internal Revenue Code.
1202. Procedures with respect to continued compliance with Internal Revenue requirements relating to participation, vesting, and funding standards.
1203. Procedures in connection with prohibited transactions.
1204. Coordination between the Department of the Treasury and the Department of Labor.

#### Subtitle B—Joint Pension, Profit-Sharing, and Employee Stock Ownership Plan Task Force

1221. Establishment.
1222. Duties.

#### Subtitle C—Enrollment of Actuaries

1241. Joint Board for the Enrollment of Actuaries.
1242. Enrollment by Board; standards and qualifications; suspension or termination of enrollment.

### SUBCHAPTER III—PLAN TERMINATION INSURANCE

#### Subtitle A—Pension Benefit Guaranty Corporation

1301. Definitions.

*Complete Annotation Materials, see Title 29 U.S.C.A.*

382

---

## RETIREMENT PROGRAM

Sec.

### SUBCHAPTER III—PLAN TERMINATION INSURANCE—Cont'd

1302. Pension Benefit Guaranty Corporation.
1303. Operation of corporation.
1304. Repealed.
1305. Pension benefit guaranty funds.
1306. Premium rates.
1307. Payment of premiums.
1308. Annual report by the corporation.
1309. Portability assistance.
1310. Authority to require certain information.
1311. Notice to participants.

#### Subtitle B—Coverage

1321. Coverage.
1322. Single-employer plan benefits guaranteed.
1322a. Multiemployer plan benefits guaranteed.
1322b. Aggregate limit on benefits guaranteed; criteria applicable.
1323. Plan fiduciaries.

#### Subtitle C—Terminations

1341. Termination of single-employer plans.
1341a. Termination of multiemployer plans.
1342. Institution of termination proceedings by the corporation.
1343. Reportable events.
1344. Allocation of assets.
1345. Recapture of payments.
1346. Reports to trustee.
1347. Restoration of plans.
1348. Termination date.
1349. Repealed.
1350. Missing participants.

#### Subtitle D—Liability

1361. Amounts payable by corporation.
1362. Liability for termination of single-employer plans under a distress termination or a termination by corporation.
1363. Liability of substantial employer for withdrawal from single-employer plans under multiple controlled groups.
1364. Liability on termination of single-employer plans under multiple controlled groups.
1365. Annual report of plan administrator.
1366. Annual notification to substantial employers.
1367. Recovery of liability for plan termination.
1368. Lien for liability.
1369. Treatment of transactions to evade liability; effect of corporate reorganization.
1370. Enforcement authority relating to terminations of single-employer plans.
1371. Penalty for failure to timely provide required information.

#### Subtitle E—Special Provisions For Multiemployer Plans

##### Part 1—Employer Withdrawals

1381. Withdrawal liability established; criteria and definitions.

Part 4—Fiduciary Responsibility

1101. Coverage.
1102. Establishment of plan.
1103. Establishment of trust.

---

Sec.
1104. Fiduciary duties.
1105. Liability for breach of co-fiduciary.
1106. Prohibited transactions.
1107. Limitation with respect to acquisition and holding of employer securities and employer real property by certain plans.
1108. Exemptions from prohibited transactions.
1109. Liability for breach of fiduciary duty.
1110. Exculpatory provisions; insurance.
1111. Persons prohibited from holding certain positions.
1112. Bonding.
1113. Limitation of actions.
1114. Effective date.

*Complete Annotation Materials, see Title 29 U.S.C.A.*

383

## LABOR                                                              Ch. 18

### SUBCHAPTER III—PLAN TERMINATION INSURANCE—Cont'd

#### Part 6—Enforcement

Sec.
1382. Determination and collection of liability; notification of employer.
1383. Complete withdrawal.
1384. Sale of assets.
1385. Partial withdrawal.
1386. Adjustment for partial withdrawal; determination of amount; reduction for partial withdrawal liability payments.
1387. Reduction or waiver of complete withdrawal liability; procedures and standards applicable.
1388. Reduction of partial withdrawal liability.
1389. De minimis rule.
1390. Nonapplicability of withdrawal liability for certain temporary contribution obligation periods; exception.
1391. Methods for computing withdrawal liability.
1392. Obligation to contribute.
1393. Actuarial assumptions.
1394. Application of plan amendments; exception.
1395. Plan notification to corporation of potentially significant withdrawals.
1396. Special rules for plans under section 404(c) of Title 26.
1397. Application of part in case of certain pre-1980 withdrawals; adjustment of covered plan.
1398. Withdrawal not to occur because of change in business form or suspension of contributions during labor dispute.
1399. Notice, collection, etc., of withdrawal liability.
1400. Approval of amendments.
1401. Resolution of disputes.
1402. Reimbursements for uncollectible withdrawal liability.
1403. Withdrawal liability payment fund.
1404. Alternative method of withdrawal liability payments.
1405. Limitation on withdrawal liability.

#### Part 2—Merger or Transfer of Plan Assets or Liabilities

1411. Mergers and transfers between multiemployer plans.
1412. Transfers between a multiemployer plan and a single-employer plan.
1413. Partition.
1414. Asset transfer rules.
1415. Transfers pursuant to change in bargaining representative.

#### Part 3—Reorganization; Minimum Contribution Requirement For Multiemployer Plans

1421. Reorganization status.
1422. Notice of reorganization and funding requirements.
1423. Minimum contribution requirement.
1424. Overburden credit against minimum contribution requirement.
1425. Adjustments in accrued benefits.
1426. Insolvent plans.

#### Part 4—Financial Assistance

1431. Assistance by corporation.

#### Part 5—Benefits After Termination

1441. Benefits under certain terminated plans.

## RETIREMENT PROGRAM                                        29 § 1001

### SUBCHAPTER III—PLAN TERMINATION INSURANCE—Cont'd

#### Part 6—Enforcement

Sec.
1451. Civil actions.
1452. Penalty for failure to provide notice.
1453. Election of plan status.

**SUBTITLE F—Transition Rules and Effective Dates**

1461. Effective date; special rules.

### LIBRARY REFERENCES

**Forms**

Pension, Profit-Sharing, and Deferred Compensation Plans, 14A Am Jur Legal Forms 2d §§ 200:1-21, 11 et seq.

### SUBCHAPTER I—PROTECTION OF EMPLOYEE BENEFIT RIGHTS

**SUBTITLE A—GENERAL PROVISIONS**

### § 1001. Congressional findings and declaration of policy

**(a) Benefit plans as affecting interstate commerce and the Federal taxing power**

The Congress finds that the growth in size, scope, and numbers of employee benefit plans in recent years has been rapid and substantial; that the operational scope and economic impact of such plans is increasingly interstate; that the continued well-being and security of millions of employees and their dependents are directly affected by these plans; that they are affected with a national public interest; that they have become an important factor affecting the stability of employment and the successful development of industrial relations; that they have become an important factor in commerce because of the interstate character of their activities, and of the activities of their participants, and the employers, employee organizations, and other entities by which they are established or maintained; that a large volume of the activities of such plans are carried on by means of the mails and instrumentalities of interstate commerce; that owing to the lack of employee information and adequate safeguards concerning their operation, it is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the establishment, operation, and administration of such plans; that they substantially affect the revenues of the United States because they are afforded preferential Federal tax treatment; that despite the enormous growth in such plans many employees with long years of employment are losing anticipated retirement benefits owing to the lack of vesting provisions in such

plans; that owing to the inadequacy of current minimum standards, the soundness and stability of plans with respect to adequate funds to pay promised benefits may be endangered; that owing to the termination of plans before requisite funds have been accumulated, employees and their beneficiaries have been deprived of anticipated benefits; and that it is therefore desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character of such plans and their financial soundness.

**(b) Protection of interstate commerce and beneficiaries by requiring disclosure and reporting, setting standards of conduct, etc., for fiduciaries**

It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

**(c) Protection of interstate commerce, the Federal taxing power, and beneficiaries by vesting of accrued benefits, setting minimum standards of funding, requiring termination insurance**

It is hereby further declared to be the policy of this chapter to protect interstate commerce, the Federal taxing power, and the interests of participants in private pension plans and their beneficiaries by improving the equitable character and the soundness of such plans by requiring them to vest the accrued benefits of employees with significant periods of service, to meet minimum standards of funding, and by requiring plan termination insurance.

(Pub.L. 93-406, Title I, § 2, Sept. 2, 1974, 88 Stat. 832.)

### HISTORICAL AND STATUTORY NOTES

**References in Text**

This chapter, referred to in subsecs. (b) and (c), was in the original "this Act", meaning Pub.L. 93-406, known as the Employee Retirement Income Security Act of 1974, Titles I, III, and IV of such Act are classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note under this section and Tables.

**Effective and Applicability Provisions; Transitional Rules**

1984 Acts. Pub.L. 98-397, Title III, §§ 302, 303, Aug. 23, 1984, 98 Stat. 1451, as amended by Pub.L.99-514, § 2, Title XI, § 1145(c), Title XVIII, § 1898(g), (h)(1)(A), (2), (3), Oct. 22, 1986, 100 Stat. 2085, 2491, 2956, 2957; Pub.L. 103-229,

Title VII, § 7881(d)(1), Dec. 19, 1989, 103 Stat. 2431, provided that:

"Sec. 302. General effective dates.

"(a) In general.—Except as otherwise provided in this section or section 303, the amendments made by this Act [enacting section 417 of Title 26, Internal Revenue Code, amending sections 1025, 1052 to 1056, and 1144 of this title and sections 72, 401, 402, 410, 411, 414, 6057, and 6652 of Title 26, and enacting provisions set out as notes under this section] shall apply to plan years beginning after December 31, 1984.

"(b) Special rule for collective bargaining agreements.—In the case of a plan maintained pursuant to 1 or more collective bargaining agreements between employee representatives and 1 or more employers ratified before the date of the enactment of this Act [Aug. 23, 1984], except as provided in subsection (d) or section 303 [set out hereunder in this note], the amendments made by this Act shall not apply to plan years beginning before the earlier of—

"(1) the date on which the last of the collective bargaining agreements relating to the plan terminates (determined without regard to any extension thereof agreed to after the date of the enactment of this Act [Aug. 23, 1984], or

"(2) July 1, 1988.

For purposes of paragraph (1), any plan amendment made pursuant to a collective bargaining agreement relating to the plan which amends the plan solely to conform to any requirement added by title I or II of Pub.L. 98-397] shall not be treated as a termination of such collective bargaining agreement.

"(c) Notice requirement.—The amendments made by section 207 [enacting sections 1025 and 6652(f) of Title 26] shall apply to distributions after December 31, 1984.

"(d) Special rules for treatment of plan amendments.—

"(1) In general.—Except as provided in paragraph (2), the amendments made by section 301 [amending section 1054(g) of this title and 411(d)(6) of Title 26] shall apply to plan amendments made after July 30, 1984.

"(2) Special rule for collective bargaining agreements.—In the case of a plan maintained pursuant to 1 or more collective bargaining agreements entered into before January 1, 1985, which are—

"(A) between employee representatives and 1 or more employers, and

"(B) successor agreements to 1 or more collective bargaining agreements which terminate after July 30, 1984, and before January 1, 1985,

the amendments made by section 301 [amending section 1054(g) of this title and 401(a) and 411(d)(6) of Title 26] shall not apply to plan amendments adopted before April 1, 1985, pursuant to such successor agreements (without regard to any modification or reopening of such agreements after July 30, 1984).

"Sec. 303. Transitional rules.

"(a) Amendments relating to vesting rules; breaks in service; maternity or paternity leave.—

"(1) Minimum age for vesting.—The amendments made by sections 102(b) and 202(b) [amending section 1053(a)(1)(A) of this title and 411(a)(1)(A) of Title 26] shall apply in the case of participants who have at least 1 hour of service under the plan on or after the first day of the