# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHARLES F. RICHARDS, JR.

DIRECT DIAL NUMBER
302-651-7738
RICHARDS@RLF.COM

September 20, 2006

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Judge
District of Delaware
844 North King Street, Room 4209
Lock Box 10
Wilmington, DE 19801

Re:   **Phillips v. Molson Coors Brewing Company, C.A. No. 05-604-KAJ**

Dear Judge Jordan:

Pursuant to Local Rule 7.1.2(c), Defendants respectfully bring to the Court's attention the opinion in In re: Guidant Corp. ERISA Litig., Civil No. 1:05-CV-1009-LJM-TAB, No. 1:05-CV-1009-LJM-TAB (S.D. Ind. Sept. 15, 2006), in which the court dismissed with prejudice a "stock drop" putative class action for lack of standing under circumstances indistinguishable from this case.[1] In short, the Guidant opinion buttresses two key points raised in Defendants' Motion to Dismiss and Reply in Further Support Thereof: (1) that this Court must assess Philips' standing as of the date of the Amended Complaint, not his original pleading; and, (2) that a participant who takes a lump-sum distribution of his plan investments does not have a "colorable claim for vested benefits" under ERISA.

In Guidant, Plaintiffs Harzewski and Valenzuela alleged that the defendants breached various fiduciary duties under ERISA by holding Guidant stock in the Guidant Employee Stock Ownership Plan (the "Guidant Plan") when it allegedly was imprudent to do so. Plaintiff Erica Harzewski was hired by Guidant on October 12, 1998. Guidant, Slip Op. at 2. During Harzewski's employment, Guidant made basic and matching contributions to the Guidant Plan on Harzewski's behalf totaling $31,075.73, which contributions were invested in Guidant stock. Id. Harzewski's employment terminated on October 8, 2004. Id. She commenced the action on July 11, 2005. Id. About three months later, on October 7, 2005, Harzewski took a full distribution from the Guidant Plan in the amount of $77,305.46, of which $50,072.57 came from her holdings of Guidant stock. Id. The Amended Complaint was filed on February 8, 2006, four months after Harzewski cashed out of the Plan. Id.

Similarly, Plaintiff Valenzuela was hired by Guidant on December 3, 2001. Id. During Valenzuela's employment, Guidant made basic and matching contributions to the Guidant Plan on

---

[1]   A copy of the Guidant Court's opinion is attached as Exhibit "A."

The Honorable Kent A. Jordan
September 20, 2006
Page 2 of 2

Valenzuela's behalf totaling $14,939.81, which contributions were invested in Guidant stock. Id. Valenzuela's employment terminated on October 9, 2004. Id. On January 11, 2005, Valenzuela took a full distribution from the Plan in the amount of $40,418.89, of which $24,974.66 came from his holdings of Guidant stock in the Guidant ESOP. Id. Valenzuela joined Harzewski's action when the Amended Complaint was filed on February 8, 2006, <u>over one year after</u> he cashed out of the Plan. Id.

Relying on the Supreme Court's decision in <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989), and its progeny, the <u>Guidant</u> Defendants moved to dismiss the Amended Complaint, arguing that neither Plaintiff had standing to bring suit because neither Plaintiff was a "participant" in the plan at issue. <u>Guidant</u>, Slip Op. at 5. The Court agreed, and granted the Defendants' motion, finding that the Plaintiffs lacked standing. Id. at 8-9.

First, the Court debunked Plaintiffs' argument (an argument Philips raises here) that "[Harzewski] ha[d] standing because when the original complaint was filed she had not received her benefits from the Plan." Id. at 8; Opp. Br. at 12. The Court found that "[t]his argument ignore[d] the operation of filing an amended complaint" and ignored Seventh Circuit precedent requiring that the Court examine the jurisdictional prerequisites as of the filing of the amended complaint. <u>Guidant</u>, Sip Op. at 6. Philips' lawsuit is no different; he, too, has ignored identical precedent in this Circuit holding that the amended pleading negates the original complaint. As Defendants explained in their Reply, the Third Circuit, in <u>New Rock Asset Partners v. Preferred Entity Advancements, Inc.</u>, 101 F.3d 1492 (3d Cir. 1996), rejected the rule that federal subject matter jurisdiction is conclusively determined as of the time of filing of the original Complaint. Id. at 1503; Reply at 5. The Amended Complaint is the operative pleading. Because Plaintiff did not hold assets in the Memphis Plan as of the date of the filing of the Amended Complaint (or in the S&I Plan at any time), he lacks standing to sue under ERISA.

Second, the Court held further that a participant who takes a lump-sum distribution of his Plan assets does not have a "colorable claim for vested benefits." <u>Guidant</u>, Slip Op. at 7-8. Because the <u>Guidant</u> Plaintiffs "clearly state[d] that they seek actual damages to the Plan," the Court found that the claim (again, identical to the claims here) was "more akin to damages than to vested benefits" Id. Nor does Philips have a colorable claim to vested benefits. Five days after commencing this lawsuit, Plaintiff cashed out his investments in the Memphis Plan. See Defendants' Brief at 14. Phillips does not allege that benefits were improperly calculated or withheld. Rather, invoking a tort-like legal theory and, indistinguishable from the plaintiffs in <u>Guidant</u>, he alleges that he and the putative class "suffered" "losses" and were "injured" as a result of Defendants' actions, and he seeks "losses" to be calculated based upon "the profits the Participants would have made if the Defendants fulfilled their fiduciary obligations," based upon the "most profitable alternative investment." (Am. Compl. ¶138, Prayer for Relief; <u>see also</u> Am. Compl. ¶¶ 2, 16, 107, 109).

Counsel are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

Charles F. Richards, Jr. (#701)

cc:   Pamela S. Tikellis, Esq. (via CM/ECF)