# Chimicles & Tikellis LLP

ATTORNEYS AT LAW

One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
James R. Malone, Jr.
Michael D. Gottsch
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly M. Donaldson
M. Katherine Meermans
Joseph G. Sauder
Daniel B. Scott
Fatema E.F. Burkey
Kimberly M. Litman
Timothy N. Mathews
A. Zachary Naylor *
Timothy P. Briggs
Daniel J. Brown *
Benjamin F. Johns

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin
Candice L.H. Hegedus

*Attorneys admitted to
practice in Delaware

December 5, 2006

**VIA CM-ECF AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Lock Box 10
Wilmington DE 19801

   Re: Phillips v. Molson Coors Brewing Company,
      C.A. No. 05-604- KAJ

Dear Judge Jordan:

  Pursuant to Local Rule 7.1.2(c), Plaintiff respectfully writes to notify the Court of recently rendered decisions on the issue of a plaintiff's standing to sue under the Employee Retirement Income Security Act. ("ERISA").

  In a recent ERISA decision Carol Smith v. Aon Corp., et.al., Lead Case No. 04-C-6875 (N.D. Ill. November 29, 2006) ("AON"),[1] the Northern District of Illinois held that even a Plan Participant who received a final distribution, has standing to sue for money damages. The Court in Aon expressly rejected the argument defendants advance here, because the Court reasoned that to deny standing to participants who received a final distribution was contra to ERISA's intent:

> To hold that former Plan participants who have received final plan distributions have no standing in this case would be to hold that these individuals have no right to sue, and therefore no right to recovery. The court finds that such a holding would be contrary to the intent of ERISA. See 29

---

[1] A copy of the AON opinion is attached hereto as Exhibit "A."

HAVERFORD OFFICE
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633

> U.S.C. §1001(b) (in enacting ERISA, Congress sought 'to protect ... the interest of participants in employee benefits plans and their beneficiaries ... by establishing standards of conduct, responsibility, and obligations for fiduciaries of [such] plans' and by 'providing for appropriate remedies, sanctions and ready access to the Federal courts.'). *Moreover, to accept Defendants' argument would lead to the unsettling implications that Defendants could 'exclude potential class members by simply paying them their vested benefits.'* See Rankins v. Rots, 220 F.R.D. 511, 519-20 (E.D. Mich 2004). *The court therefore determines that those potential Class Members and Class Representatives who have taken final distribution from the Plan have standing in the case.* See In re Williams Cos., 231 F.R.D. at 422 ('[s]ince any recovery from the Plan should be allocated to the accounts of the affected participants, including those ... who have taken a distribution under the Plan, these Plaintiffs and others similarly situated retain a colorable claim to benefits sufficient to confer on them standing to sue under 502(a)(2) and (3) as participants.').

See AON opinion at pp. 9-10 (emphasis added).

Further, in Johnson v. Couturier, No. 2:05CV02046 RRBKJM, 2006 WL 2943160, at *3 (E.D. Cal. Oct. 13, 2006),[2] the California District Court was presented with the issue as to whether a terminated employee who has been "cashed out," had standing to bring a claim under ERISA. The Court in Johnson held that "[a]lthough [the] plaintiff [...] lack[ed] standing to seek monetary damages, he [did] have standing to seek the equitable relief sought in this case: *the imposition of a constructive trust on ill-gotten profits or gains.* 2006 WL 2943160, at *3 (emphasis added).[3] Exactly what Plaintiff is seeking in the current action.

---

[2]  A copy of the Johnson opinion is attached hereto as Exhibit "B."

[3]  See also In re Polaroid ERISA Litig., No. 03 Civ. 8335(WHP), 2006 WL 2792202, at *4 (S.D.N.Y. Sept. 29, 2006) ("In this action, Plaintiffs do not allege that they would still be Plan participants but for

The Honorable Kent A. Jordan
December 5, 2006
Page 3 of 3

       Plaintiff submits that these new opinions regarding standing provide additional authority supporting Plaintiff's opposition to Defendants' motion to dismiss in this case.

Respectfully Submitted,

*/s/ Daniel J. Brown*

Daniel J. Brown (#4688)

DJB/ald
cc: Clerk of the Court (via CM-ECF)
    Charles F. Richard, Jr., Esquire (via CM-ECF)
    John Douglas Hendershot, Esquire (via CM-ECF)

---

defendants' misconduct. However, they do allege that the distributions they received under a defined contribution plan were reduced because of defendants' breaches of fiduciary duty and that the defendants engaged in numerous misrepresentations and non-disclosures prior to the liquidation of their accounts. [...]. Plaintiffs are also within the zone of interests ERISA was intended to protect. [...]. Accordingly, this Court finds that Plaintiffs have standing to sue as Plan "participants" under § 1132(a)(2) despite their status as former employees") (attached hereto as Exhibit "C"); Preite v. Charles of the Ritz Group, Ltd. Pension Plan, No. 3:05-cv-106-J-32MMH, 2006 WL 2691534, at *9 (M.D. Fla. Sept. 19, 2006) ("There is no dispute that Preite was a "participant" under the Plan. Further, it is undisputed in the record evidence that Preite never received his pension benefits. Thus, he has a claim to vested benefits, and has standing to bring this ERISA claim") (attached hereto as Exhibit "D").