UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MOLSON COORS BREWING COMPANY, BARBARA ALBANESI, DAVID BARNES, CHAT CHATTERJEE, JAMES FREDERICKS, MICHAEL J. GANNON, ROBERT KLUGMAN, MICHAEL KRUTECK, VONDA MILLS, MICHAEL RUMLEY, BEN SCHWARTZ, KATHERINE L. MACWILLIAMS, HAROLD R. SMETHHILLS, JEFF MORGAN, ROB WITWER, TIMOTHY WOLF, W. LEO KIELY III, PETER H. COORS, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, and ALBERT C. YATES,<br><br>Defendants. | Civil Action No.: 05-cv-604 (***) |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff respectfully requests that the Court take notice of the attached Memorandum and Order in Graden v. Conexant Sys., No. 06-2337, 2007 U.S. App. LEXIS 18179, 2007 WL 2177170 (3d Cir. July 31, 2007), which is now the controlling authority in this Circuit on the issue of standing and thus bears directly on Plaintiff's standing arguments in this action and, thus, the jurisdiction of this Court:

    1.    Defendants have moved to dismiss Plaintiff's Class Action Complaint arguing that Plaintiff does not have standing because he cashed-out of the retirement Plan. Plaintiff has opposed Defendants' motion and has submitted cases explaining that the Employment

Retirement Income Securities Act ("ERISA") provides a liberal definition of standing and allows former employees to assert ERISA claims, even if they have cashed out of the plan before filing the lawsuit.

2. On July 31, 2007, the Third Circuit in Graden rejected the same standing arguments which Defendants make here and held that a cashed-out former-employee continues to be considered a "participant" under ERISA with statutory standing to bring breach of duty claims against Plan fiduciaries. Graden, 2007 U.S. App. LEXIS 18179, at * 9 ("Here, because [Plaintiff] merely seeks the full amount of benefits owed him given [the defendant's] alleged breach of its duty of prudent investment, he has standing to maintain this suit, and we therefore vacate the District Court's order dismissing [the plaintiff's] complaint for lack of statutory standing and remand for further proceedings.").

3. In Graden, as here, "central allegation [was] that Defendants violated their fiduciary duty to Plan participants by continuing to allow [company] stock to be offered as an investment option to participants in the defined contribution plan and encouraging Plan participants to invest in [the company's] stock" even though it was an "imprudent investment." Graden, 2006 U.S. Dist. LEXIS 16176, at * 2. Like the plaintiff here, the plaintiff in Graden alleged that the defendants' mismanagement of plan assets reduced his share of benefits and "caused a loss to the plan that ultimately harmed him and other plan participants." 2007 U.S. App. LEXIS 18179, at * 5.

4. In Graden, the Third Circuit held that at the pleadings stage these types of allegations must be accepted as true and "clearly qualify[y] as a concrete injury traceable to [defendants] and redressable by a court." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). As a result, the plaintiff had standing to assert the ERISA claims. Id., at *6

("If the plaintiff colorably claims that under the plan and ERISA he was entitled to more than he received on the day he cashed out, then he presses a claim for vested benefits and must be accorded participant standing."). Furthermore, the Third Circuit noted that when the plaintiff cashed out, "as an account-holder in the Conexant plan, he was entitled to the net value of his account as it should have been in the absence of any fiduciary mismanagement." Graden, 2007 U.S. App. LEXIS 18179, at * 12.

5. In Graden, the Third Circuit joined other Courts of Appeal which have similarly rejected the standing arguments which Defendants make here. For example, the recent Seventh Circuit decision in Harzewski v. Guidant Corp., 489 F.3d 799 (7th Cir. 2007), "decided this very issue the same way." Graden, 2007 U.S. App. LEXIS 18179, at * 13.

6. The Third Circuit also explained the policy reasons for this logical approach. Holding otherwise, according to the Third Circuit,

> would allow an employer who had mismanaged individual account plan assets to avoid liability by cashing out the participants. By paying them the then-stated balance of their accounts when cashed out, the employer would . . . pay out all of the participants' 'benefits,' thereby ensuring that none would have standing to sue for its breach of duty. Conexant's protestations notwithstanding, we find it hard to believe that Congress intended such a result. Indeed, we have held that ERISA's legislative history indicates that its standing requirements should be construed broadly to allow employees to enforce their rights.

Graden, 2007 U.S. App. LEXIS 18179, at *27 (citing Leuthner v. Blue Cross & Blue Shield of Ne. Pa., 454 F.3d 120, 128 (3d Cir. 2006)).

7.  <u>Graden</u> rejects the same standing arguments which Defendants make on their motion and further supports Plaintiff's argument that he has standing to assert these ERISA claims on behalf of the Plan.

Dated: August 9, 2007

                                          CHIMICLES & TIKELLIS LLP

                                        */s/ A. Zachary Naylor*
                                        Pamela S. Tikellis (#2172)
                                        Robert J. Kriner, Jr. (#2546)
                                        A. Zachary Naylor (#4539)
                                        One Rodney Square
                                        P.O. Box 1035
                                        Wilmington, DE 19899
                                        Tel: (302) 656-2500

                                        GAINEY & MCKENNA
                                        Thomas J. McKenna, Esq.
                                        295 Madison Avenue, 4th Floor
                                        New York, NY 10017
                                        Tel: (212) 983-1300

                                        VIANALE & VIANALE LLP
                                        Kenneth Vianale, Esq.
                                        2499 Glades Road, Suite 112
                                        Boca Raton, Florida 33431
                                        Tel: (561) 392-4750

                                        ***Attorneys for Plaintiff***