IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MOLSON COORS BREWING COMPANY, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 05-604-***<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1.2(c), Defendants respectfully bring to the Court's attention the opinions in <u>Ward v. Avaya, Inc.</u>, 487 F. Supp. 2d 467 (D.N.J. 2007) (Exhibit A), <u>Mellot v. ChoicePoint, Inc.</u>, C.A. No. 1-05-CV-1340-JTC (N.D. Ga. Mar. 7, 2007) (Exhibit B) and <u>Hastings v. Wilson</u>, 2007 U.S. Dist. LEXIS 7578 (D. Minn. Feb. 1, 2007) (Exhibit C). In each of these three cases, district courts dismissed claims for breaches of ERISA fiduciary duties related to the holding of company stock in a "401(k)"-type defined contribution plan, claims that are similar, if not identical, to the claims brought by Plaintiff in this action.

The Plaintiff recently called to the Court's attention the Third's Circuit ruling in <u>Graden v. Conexant Sys., Inc.</u>, 2007 U.S. App. LEXIS 18179 (3d Cir. Jul. 31, 2007). However, <u>Graden</u>, upon closer scrutiny, supports Defendant's primary standing argument, *i.e.*, that Plaintiff Phillips does not have standing to challenge the administration of a plan within which he never participated. Furthermore, the Plaintiff's two recent Notices of Supplemental Authority reference, but do not attach, the Seventh Circuit's decision in <u>Harzewski v. Guidant Corp.</u>, 489 F.3d 799 (7th Cir. 2007). We attach <u>Guidant</u> as Exhibit D because the decision supports the insider trading argument set forth in our Brief in Support of the Motion to Dismiss at 27-28.

RLF1-3199359-1

1.  **Avaya**

Avaya recognizes: (1) the claim that ERISA's duty of prudence may require an ERISA fiduciary to jettison company stock in certain circumstances cannot be squared with ERISA Section 404(a)(2), id. at 477; and, alternatively, (2) that only "extreme circumstances" (of the type not alleged here) justify imposing such an obligation. Id. at 480; (See also Defs. Br. in Supp. of Mot. to Dismiss at 17-18, 22-27).

2.  **Choice Point**

ChoicePoint holds that ERISA Section 404(a)(2) compels dismissal of a "stock-drop" complaint even when it is alleged that fiduciary defendants knew or should have known that the price of the company stock was artificially inflated. The ChoicePoint court held, correctly we submit, that an artificial inflation claim, like the one presented here, is simply a "rebadged argument for diversification [and] a strict application of 404(a)(2) ends the inquiry and requires dismissal of the claim." Slip Op. at 13; (See also Defs. Br. in Supp. of Mot. to Dismiss at 17-18).

3.  **Hastings**

Hastings holds that a plaintiff has to actually be a participant in the plan in order to have individual standing to sue on behalf of that plan. 2007 U.S. Dist. LEXIS 7578, at *13-14. As was the case in Hastings, the Plaintiff here purports to sue on behalf of two plans, the so-called "Memphis Plan" and the "S&I Plan." (See also Defs. Br. in Supp. of Mot. to Dismiss at 10-11). The Plaintiff here properly alleges that he is a participant in the Memphis Plan, but he cannot possibly demonstrate that he was a participant in, or eligible for benefits under, the S&I Plan. Accordingly, his purported claim on behalf of the S&I Plan must be dismissed.

4.  **Graden**

Although Graden does hold that a cashed-out former participant has standing to sue on behalf of a plan,[1] it, like Hastings, recognizes that the cashed-out former participant has to have once participated in the plan on whose behalf he purports to sue. Graden thus holds that the term "participant" refers to "an employee or former employee who takes part in his employer's plan." 2007 U.S. App. LEXIS 18179, at *6 n.4 (emphasis added). The plaintiff in Graden had standing to sue only because he was "an account-holder in the Conexant [individual account] plan" in question and was "entitled" to benefits from this plan. Id. at *12; (See also Defs. Br. in Supp. of Mot. to Dismiss at 10 (citing Bauer v. Summit Bancorp, 325 F.3d 155, 160 (3d Cir. 2003) for the proposition that to have standing to sue as a "participant" under ERISA, an individual must be, "according to the language of the plan itself, eligible to receive a benefit under the plan")). Graden, like Hastings, compels dismissal of the claim the Plaintiff here purports to bring on behalf of the S&I Plan.

5.  **Guidant**

We respectfully refer the Court's attention to the last paragraph of Judge Posner's decision in Guidant (Exhibit D), which addresses the same insider trading issue presented by

---

[1] This statutory standing issue is presently before the Supreme Court in LaRue v. DeWolff, Boberg & Assoc., Inc., 127 S. Ct. 2971 (2007), albeit in a slightly different posture. The Supreme Court granted *certiorari* in LaRue and is poised to decide two ERISA issues that could be dispositive of the ERISA Section 502(a) claims pending here. Approximately a month ago, however, the respondent in LaRue filed a motion to dismiss the grant of *certiorari* on the ground that it recently learned that the petitioner cashed-out all of his investments in the ERISA plan in question during the pendency of the litigation. Respondent claims in the motion to dismiss that the case is now moot, because the petitioner is no longer a plan participant and therefore cannot benefit from the recovery he seeks on behalf of the plan. (See LaRue Motion to Dismiss the Writ attached as Exhibit E). The motion to dismiss frames this as a mootness question, rather than a statutory standing question, but the motion presents the same question decided in Graden: whether a cashed-out former participant may seek and obtain a recovery on behalf of the plan. According to the Supreme Court docket, the motion to dismiss was scheduled to be heard at a Supreme Court conference on September 24, 2007. The Supreme Court's disposition of that motion may effectively overrule that aspect of Graden upon which the Plaintiff relies.

Plaintiff's complaint here. The plaintiff in Guidant, like the Plaintiff here, alleged that the Guidant defendants should have sold the company stock in the plan because the defendants knew or should have known that the price was artificially inflated. 489 F.3d at 800, 808. Judge Posner wrote for the Seventh Circuit that "it probably would have been unlawful … for Guidant to sell the Guidant stock held by the pension plan on the basis of inside knowledge of the company's problems." Id. at 808. "If so, there are no damages, and indeed no breach of fiduciary duty; for the fiduciary's duty of loyalty does not extend to violating the law." Id. The Seventh Circuit directed the district court to consider the insider trading issues "in the first instance on remand, should its resolution become critical to the outcome." Id. As in Guidant, the Defendants here contend that ERISA fiduciaries cannot be compelled to violate federal securities law in order to satisfy their ERISA fiduciary duties to plan participants. (See Defs. Br. in Supp. of Mot. to Dismiss at 27-28).

Respectfully submitted,

*Elizabeth C. Tucker*
Charles F. Richards, Jr. (#701)
richards@rlf.com
Jeffrey L. Moyer (#3309)
moyer@rlf.com
Elizabeth C. Tucker (#4468)
tucker@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700

Attorneys for Defendants

Dated: September 11, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 11, 2007, copies of the foregoing Notice Of Supplemental Authorities In Support Of Defendants' Motion To Dismiss were served upon the following counsel of record in the manner indicated:

**BY CM/ECF:**

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

*Elizabeth C. Tucker*
Elizabeth C. Tucker (#4468)
*tucker@rlf.com*