UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated, | : |
| Plaintiff, | : Civil Action No.: 05-cv-604 (***) |
| v. | : |
| MOLSON COORS BREWING COMPANY, BARBARA ALBANESI, DAVID BARNES, CHAT CHATTERJEE, JAMES FREDERICKS, MICHAEL J. GANNON, ROBERT KLUGMAN, MICHAEL KRUTECK, VONDA MILLS, MICHAEL RUMLEY, BEN SCHWARTZ, KATHERINE L. MACWILLIAMS, HAROLD R. SMETHHILLS, JEFF MORGAN, ROB WITWER, TIMOTHY WOLF, W. LEO KIELY III, PETER H. COORS, CHARLES M. HERINGTON, FRANKLIN W. HOBBS, RANDALL OLIPHANT, PAMELA PATSLEY, WAYNE SANDERS, and ALBERT C. YATES, | : |
| Defendants. | : |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

Plaintiffs respectfully request that the Court take notice of the attached Memorandum and

Order in *In re Schering-Plough Corp. ERISA Litig.*, No. Civ. A. 03-1204 (KSH), 2007 WL

2374989 (D. N.J. Aug. 15, 2007), which bears directly on Plaintiffs' arguments that Defendants'

statements were fiduciary communications in this action:

    1.    Defendants move to dismiss Plaintiffs' misrepresentation claims because "[n]one

of the[] communications [made by Defendants] were specifically directed to plan participants

and none had any specific relationship to plan administration. [Therefore,] [a]s a matter of law,

these statements are not fiduciary communications." *See* Defs' Motion to Dismiss at p. 25.

Plaintiffs have opposed Defendants' motion and have submitted cases explaining that Defendants incorporated the SEC filings into their fiduciary disclosures to the Plan participants and that the information contained in the filings was communicated in Defendants' fiduciary capacity. As fiduciary disclosures, they had to contain all pertinent information to Plan participants to avoid being false or misleading. *See* Plaintiffs' Opp. Brief at pp. 24-27.

2.     On August 15, 2007, the court in *Schering-Plough* rejected the same arguments which Defendants make here and held that . . . ERISA requires plan administrators to periodically furnish all plan participants with an SPD, *see* 29 U.S.C. § 1024(b)(1), 'the purpose being to communicate to beneficiaries the essential information about the plan.' *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 84, 115 S. Ct. 1223, 131 L. Ed.2d 94 (1995). For these reasons, courts in this district and elsewhere have regularly found that a material misstatement contained in, or incorporated by reference in, an SPD is actionable pursuant to ERISA. *Id.*, at *6.[1]

---

[1]     The court further held in *Schering-Plough* that the defendants were not able to hide behind their corporate hat in order to escape liability for breaching their fiduciary duties to the Plan and its participants. The court stated in relevant part:

> While ERISA permits a corporate officer or director also to serve as a Plan fiduciary, the dual role cannot be used as a shield to insulate the fiduciary from liability for breaching a duty s/he otherwise owes to Plan participants. As the *Worldcom* court noted, " *[w]hen a corporate insider puts on his ERISA hat, he is not assumed to have forgotten adverse information he may have acquired while acting in his corporate capacity.*" 263 F. Supp. 2d at 765. Information relating to the financial health of the Company was incorporated by reference into the SPD. Although ERISA does not require fiduciaries to disclose this type of information to Plan participants, fiduciaries who make the choice to provide such information must provide all pieces of information necessary to paint the full picture of the company's financial health. This is especially true in a case such as this where the alleged fiduciaries are also directors and/or officers of the company and have ready access to company information. For this reason, plaintiffs allegation that defendants failed to disclose material information regarding the Company's financial health after offering other information on the subject is sufficient to state a claim pursuant to ERISA.

3.    In *Schering-Plough*, as here, ""Defendants breached their duty to inform [Plan] participants by failing to provide complete and accurate information regarding [the Company's] stock, the Company's precarious financial condition, public misrepresentations and inflated forecasts regarding the likelihood of the Company's recovery, and the consequent artificial inflation of the value of [the Company's] stock and, generally, by conveying inaccurate information regarding the soundness of [the Company's] stock and the prudence of investing retirement contributions in [the Company's] equity." *Schering-Plough*, 2007 WL 2374989, at *2. Like Plaintiffs here, the plaintiff in *Schering-Plough* alleged that the defendants' "acting as fiduciaries, made affirmative misrepresentations to Plan participants in Plan-related documents; and [...] defendants breached their fiduciary duty to inform by failing to disclose material facts that affected the interests of Plan participants." *Id.*

4.    Here, Plaintiffs makes similar allegations.  In their complaint, Plaintiffs allege that Defendants conveyed materially false and misleading information regarding the Company's problems in China (¶¶ 91, 94) and problems in Latin America and the United States (¶¶ 9, 13, 13, 14).  Indeed, Defendants breached their fiduciary duties to Plan participants by issuing these materially false and misleading public statements about Avon's businesses, as well as its financial prospects and results, causing Avon stock to trade at artificially inflated levels during the Class Period and causing the stock price to fall when the market began to learn the truth about Avon's problems.  (¶¶ 7-21).  These misrepresentations were part of the Company's SEC filings and were part of the Company's Summary Plan Description ("SPD") and Plan Prospectus. ¶ 80.

5.    In short, *Schering-Plough* rejects the same arguments regarding fiduciary communications which Defendants make on this motion and further supports Plaintiffs'

---

*Schering-Plough*, 2007 WL 2374989, at *9 (emphasis added).

argument that Defendants "'may not knowingly present false information regarding a plan investment option to plan participants. There is no exception to the obligation to speak truthfully when the disclosure concerns the employer's stock.'" *Schering-Plough*, 2007 WL 2374989, at *8 (quoting *In re Worldcom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745, 766 (S.D.N.Y. 2003)).

Dated: September 13, 2007

CHIMICLES & TIKELLIS LLP

Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel: (302) 656-2500

GAINEY & MCKENNA
Thomas J. McKenna, Esq.
295 Madison Avenue, 4th Floor
New York, NY 10017
Tel: (212) 983-1300

VIANALE & VIANALE LLP
Kenneth Vianale, Esq.
2499 Glades Road, Suite 112
Boca Raton, Florida 33431
Tel: (561) 392-4750

*Attorneys for Plaintiff*