# EXHIBIT A

Westlaw.

Slip Copy                                                                                                          Page 1
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

In re **Schering**-Plough Corp. **ERISA** Litigation
D.N.J.,2007.

United States District Court,D. New Jersey.
In re SCHERING-PLOUGH CORPORATION
**ERISA** LITIGATION.
No. Civ.A. 03-1204(KSH).

Aug. 15, 2007.

Joseph J. DePalma, Susan D. Pontoriero, Lite, DePalma, Greenberg & Rivas, LLC, Newark, NJ, Peter Houghton Levan, Jr., Hangley Aronchick Segal & Pudlin, Cherry Hill, NJ, Joseph H. Meltzer, Katherine B. Bornstein, Schiffrin Barroway Topaz & Kessler, LLP, Radnor, PA, for Jingdong Zhu on Behalf of Himself and All Others Similarly Situated and Adrian Fields.
Douglas Scott Eakeley, Miguel A. Pozo, Lowenstein Sandler PC, Roseland, NJ, for Schering Plough Corporation, Richard J. Kogan, Vincent Sweeney and Unknown Fiduciary Defendants 1-100.

*OPINION*
KATHARINE S. HAYDEN, U.S.D.J.

I. INTRODUCTION

*1 This putative class action, brought by plaintiff Michele Wendel (" Wendel" or " plaintiff" ), a former Schering-Plough Corporation (" Schering" or " the Company" ) employee on behalf of the Schering-Plough Corporation Employees' Savings Plan (the " Plan" ) and its participants and beneficiaries, alleges violations of the Employee Retirement Income Security Act (" **ERISA**" ) against multiple defendants. The defendants are: (1) Schering, as the sponsor of the Plan; (2) various members of Schering's Board of Directors, all but one of whom were also members of Schering's Pension Committee (collectively, " Director Defendants" ); (3) Schering's Employee Benefits Committee and the committee's individual members (collectively, " Benefits Committee" ); and (4) Schering's Employee Benefits Investment Committee and its individual members (collectively, " Investment Committee" ). The four count amended complaint alleges that defendants were all fiduciaries of the Plan and that they violated their fiduciary duties under **ERISA** in their administration of the Plan and investment of its assets. Defendants filed an answer to Counts I, II, and IV of the amended complaint, but have filed a motion to dismiss in lieu of an answer with respect to Count III. For the reasons expressed below, defendants' motion to dismiss Count III is denied.

II. PROCEDURAL HISTORY

On October 6, 2003, Jingdong Zhu (" Zhu" ) and Adrian Fields (" Fields" ) filed a five count consolidated complaint against defendants on behalf of the Plan and its participants and beneficiaries alleging various **ERISA** violations. This Court dismissed the consolidated complaint with prejudice in an opinion and order dated June 28, 2004, finding that plaintiffs lacked standing to sue on behalf of the Plan. *In re Schering-Plough Corp. ERISA Litig.,* 387 F.Supp.2d 392 (D.N.J.2004). On appeal, the Third Circuit reversed and remanded the case for further proceedings on the merits. *In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231 (3d Cir.2005).

Following the remand, Zhu and Fields filed the four count amended complaint, in which Wendel was also named a plaintiff. Zhu and Fields ultimately agreed to dismiss all of their claims and this Court filed a stipulation and order of dismissal to that effect on October 12, 2006. Wendel, however, did not stipulate to a dismissal and continues to prosecute this case on behalf of the proposed class.

III. FACTUAL BACKGROUND

The following factual background is established from the complaint.

A. The Plan

Schering is a research-based company engaged in the discovery, development, manufacturing, and marketing of pharmaceutical products worldwide. The Plan, which qualifies as an " individual account plan" as defined by **ERISA**, is sponsored by Schering and allows Schering employees to contribute from 1% to 50% of their pre-tax income into various investment funds. The investments that an employee may contribute to under the Plan vary from time to time, but generally include funds that invest in stocks and other securities, a money market

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                Page 2
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

account, and the Schering-Plough Stock Fund (the "Schering Stock Fund"). The Schering Stock Fund invests primarily in shares of Schering common stock. Plan participants are permitted to invest up to 50% of their Plan contributions to the Schering Stock Fund. As of December 31, 2001, Schering common stock accounted for approximately 31% of the total value of the Plan's assets.

B. The Complaint

*2 Schering common stock plummeted in value during the putative class period, from a high of better than $60 per share to below $20 per share in June 2003, resulting in significant losses for participants of the Plan who had invested in the Schering Stock Fund. The 67 page, 208 paragraph amended complaint alleges that defendants breached various fiduciary duties owed to the Plan by allowing continued, heavy investment of Plan assets in the Schering Stock Fund despite knowledge of materially inaccurate financial forecasts and potential regulatory problems. Count III of the amended complaint alleges that defendants breached their fiduciary duties under **ERISA** by making material misrepresentations and failing to disclose material facts to Plan participants concerning the Plan's investment in Schering common stock. Specifically, Count III asserts:

Defendants breached their duty to inform [Plan] participants by failing to provide complete and accurate information regarding Schering stock, the Company's precarious financial condition, public misrepresentations and inflated forecasts regarding the likelihood of the Company's recovery, and the consequent artificial inflation of the value of Schering stock and, generally, by conveying inaccurate information regarding the soundness of Schering stock and the prudence of investing retirement contributions in Schering equity.

(Compl. at ¶ 181.) Thus, Count III claims both (1) that defendants, acting as fiduciaries, made affirmative misrepresentations to Plan participants in Plan-related documents; and (2) that defendants breached their fiduciary duty to inform by failing to disclose material facts that affected the interests of Plan participants.

Defendants have moved to dismiss Count III of the amended complaint on grounds that the disclosures alleged to be misleading or materially inaccurate were not fiduciary communications within the scope of **ERISA**. Defendants also argue that Count III fails to state a claim under **ERISA** for failure to disclose material information because **ERISA** does not require the type of disclosures that the amended complaint alleges defendants should have made.

IV. ANALYSIS

A. Motion to Dismiss Standard

Fed. R. Civ. P 12(b)(6) authorizes the Court to dismiss a claim for "failure to state a claim upon which relief can be granted." When considering a motion brought under Rule 12(b)(6), the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005). To survive a rule 12(b)(6) motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atl. Corp. v. Twombly, --- U.S. ----, ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir.1984)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

*3 In deciding a motion to dismiss, the Court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir.2004). The Court will consider the Plan's governing document ("Plan Document"), the Plan prospectus, and the summary plan description in the Schering Benefits Book ("SPD") for purposes of deciding this motion because they are attached to and "explicitly relied upon" by the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

B. Defendants' fiduciary status under **ERISA**

Defendants offer two alternative reasons as to why Count III fails as a matter of law on grounds of their fiduciary status under **ERISA**. First, they argue that none of the allegedly misleading disclosures constituted **ERISA** fiduciary communications

Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

because the statements were made in the course of ordinary business functions unrelated to managing or administering the **ERISA** plan. In this vein, defendants argue that the allegedly misleading statements fall within the scope of federal securities laws, but not **ERISA**. Second, defendants argue that Count III must be dismissed as against Schering, the Director Defendants, and the Investment Committee because the Plan Document assigns all fiduciary responsibility for administration of the Plan to the Benefits Committee and plaintiff does not allege that the Benefits Committee was responsible for any of the misleading disclosures cited in the complaint. Both of these arguments are without merit.

**ERISA** is a " comprehensive and reticulated statute" designed to protect employee benefit plans, _Mertens v. Hewitt Assocs., 508 U.S. 248, 251, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993),_ " by providing insurance ..., specifying certain plan characteristics in detail ..., and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." _Varity Corp. v. Howe, 516 U.S. 489, 496, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996)._ **ERISA** requires every employee benefit plan to be established and governed by a written document. 29 U.S.C. § 1102(a)(1). This written plan document must name at least one fiduciary who is responsible for operating and administering the plan, id., but individuals not named in the written plan document may still qualify as fiduciaries of the plan if they have discretionary authority. Id. § 1002(21)(A). Specifically, **ERISA** defines a fiduciary as any person who:
(i) ... exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) ... renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) ... has any discretionary authority or discretionary responsibility in the administration of such plan.

*4 Id.

The statute provides that a fiduciary
shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and-
(A) for the exclusive purpose of:
(1) providing benefits to participants and their beneficiaries; and
(2) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
(C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with **ERISA**]....

Id. § 1104(a)(1). **ERISA** makes fiduciaries personally liable for losses to the plan flowing from breaches of these duties. Id. § 1109(a).

**ERISA** permits fiduciaries to wear " two hats" -one in the capacity as a corporate officer, employee, or agent, and another in the capacity as an **ERISA** fiduciary. 29 U.S.C. § 1108(c)(3); _Pegram v. Herdrich, 530 U.S. 211, 225, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); In re Worldcom, Inc. ERISA Litig., 263 F.Supp.2d 745, 757 (S.D.N.Y.2003)._ Thus, in cases alleging a breach of an **ERISA** fiduciary duty, " the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." _Pegram, 530 U.S. at 226._

Plaintiff asserts that certain statements made by the Company, including various documents filed with the U.S. Securities and Exchange Commission (" SEC" ), contained material misrepresentations and that defendants breached their fiduciary duties to Plan participants by preparing and distributing Plan-related communications that incorporated these allegedly misleading statements by reference. The complaint further alleges that these misrepresentations caused class members to invest in or maintain investments in the Schering Stock Fund. The specific Plan-related communications that plaintiff relies on are: (1) two S-8 forms [FN1] filed with the SEC during the class period; (2) the Plan prospectus; [FN2] and (3) the SPD.

FN1. The Securities Act of 1933 (the "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                Page 4
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

Securities Act" ), 15 U.S.C. § 77a *etseq.*, requires SEC registrants to file a form S-8 when, *inter alia,* the registrant's securities are to be offered under any employee benefit plan to its employees. SEC Form S-8, *available at,* h ttp://www.sec.gov/about/forms/forms-8.pdf. The specific S-8 forms that plaintiff relies on are dated June 13, 2003 and September 14, 1999, respectively.

FN2. The Securities Act requires companies to distribute a prospectus to all participants of an employee benefit plan. 15 U.S.C. § 77j. The complaint alleges that the Prospectus dated June 13, 2003 incorporated by reference several statements that were materially misleading or inaccurate. (Compl. at Ex. B.)

Defendants attack plaintiff's incorporation by reference theory on two grounds. First, they argue that because the S-8 forms and the Plan prospectus are required by federal securities laws, rather than **ERISA**, the act of preparing and distributing these documents could not have been an **ERISA** fiduciary action. Second, they argue that while preparing and distributing an SPD is undoubtedly an **ERISA** fiduciary action, there can be no **ERISA** liability in this case because the Schering SPD does not itself expressly incorporate any of the disclosures that form the basis for plaintiff's misrepresentation claims.

*5 Other district courts, both within and outside this district, have rejected attempts by **ERISA** litigation plaintiffs to impose liability for statements made in, or incorporated by reference in, communications required *only* by federal securities laws but not required by **ERISA**. *See, e.g., In re RCN Litig.,* No. 04-5068, 2006 U.S. Dist. LEXIS 12930, at *38 (D.N.J. Mar. 21, 2006) (Chesler, J.) (holding that statements made in various press releases and SEC filings were not actionable under **ERISA** because " [n]one of the [ ] statements, regardless of truth or falsity, were made in any fiduciary capacity regarding the Plan" ); *In re Reliant Energy ERISA Litig.,* No. 02-2051, 2006 U.S. Dist. LEXIS 3181, at *12 (S.D.Tex. Jan. 18, 2006) (holding that misstatements in an S-8 form were not actionable under **ERISA** because the employer had " no discretion whether to file the Form S-8" and because the company took no " action other than that required by the SEC for issuers of stock); *In re Calpine Corp.*

*ERISA Litig.,* No. 03-1685, 2005 U.S. Dist. LEXIS 34452, at *28 (N.D.Cal. Dec. 5, 2005) (declaring that " unless Plaintiff can plead and prove that the SEC filings were disseminated to the Plan participants in a way that was meaningfully related to the Plan itself, the mere fact that Calpine filed such documents is not enough to establish **ERISA** liability" ); *In re Tyco Int'l, Ltd. Multidistrict Litig.,* No. 02-1335, 2004 U.S. Dist. LEXIS 24272, at *22 (D.N.H. Dec. 2, 2004) (holding that alleged misstatements in Form S-8s and Section 10(a) prospectuses " must be enforced under the securities laws rather than **ERISA**" ). These courts reasoned that the SEC filings containing the alleged misstatements did not qualify as fiduciary actions because they were either general corporate communications made to the public at large or were not discretionary acts. As the *Reliant* court noted,
[t]he Form S-8 is a registration statement which the SEC requires be filed by employers that offer their company stock to employees under an employee benefit plan. The employer has no discretion whether to file the Form S-8 if it offers company stock under an **ERISA** plan.

*Reliant,* 2006 U.S. Dist. LEXIS 3181, at *11-12. Similarly, the *Tyco* court found thatthere is little evidence in the legislative history of either the Securities Act, which is the source of the disclosure requirements, or **ERISA** to support the view that an issuer of stock necessarily assumes fiduciary responsibilities in complying with its obligations under the securities laws if it chooses to allow its employees to invest in its stock as part of an individual account plan. Although plaintiffs plainly had a right to expect that Tyco International would refrain from making material misstatements in its SEC filings, that expectation must be enforced under the securities laws rather than **ERISA**.

*Tyco,* 2004 U.S. Dist. LEXIS 24272, at *22.

The reasoning of these other courts is sound. It is uncontested that the two S-8 forms and the prospectus at issue in this case were required *only* by federal securities laws, not by **ERISA**. Although each of the communications expressly incorporated by reference other communications that plaintiff claims were misleading, they are not actionable under **ERISA** and may only be pursued under federal securities laws.

*6 Unlike the S-8 forms and the prospectus, however, **ERISA** requires plan administrators to periodically

Slip Copy                                                                                                    Page 5
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

furnish all plan participants with an SPD, *see* 29 U.S.C. § 1024(b)(1), " the purpose being to communicate to beneficiaries the essential information about the plan." *Curtiss-Wright Corp. v. Schoonejongen,* 514 U.S. 73, 84, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995). For this reason, courts in this district and elsewhere have regularly found that a material misstatement contained in, or incorporated by reference in, an SPD is actionable pursuant to **ERISA**. *Pietrangelo v. NUI Corp.,* No. 04-3223, 2005 U.S. Dist. LEXIS 40832, at *23 (D.N.J. July 18, 2005) (Brown, J.) (holding that plaintiffs properly pled that defendants made misrepresentations in an **ERISA** fiduciary capacity where complaint alleged that misrepresentations were made in SEC filings that were later incorporated by reference into plan-related documents); *In re JDS Uniphase Corp.* **ERISA** *Litig.,* No. 03-4743, 2005 U.S. Dist. LEXIS 17503, at *37-38 (N.D.Cal. July 14, 2005) (" Courts have held that dismissal at this stage is inappropriate where SEC filings are incorporated by reference into documents provided to plan participants" ); *In re Honeywell Int'l* **ERISA** *Litig.,* No. 03-1214, 2004 U.S. Dist. LEXIS 21585, at *29 (D.N.J. Sept. 14, 2004) (Debevoise, J.) (stating that by incorporating SEC filings into the SPD by reference, defendants " took responsibility for the truthfulness of the SEC disclosures that had been filed previously" and that " they also took on a duty to correct later SEC disclosures to the extent that they knew ... that those statements were false" ); *In re AEP* **ERISA** *Litig.,* 327 F.Supp.2d 812, 825 (S.D.Ohio 2004) (refusing to dismiss complaint where SPD incorporated by reference allegedly misleading SEC filings); *In re Sprint Corp.* **ERISA** *Litig.,* 388 F.Supp.2d 1207, 1226 (D.Kan.2004) (" Plaintiffs point out that their complaint alleges these SEC filings were incorporated by reference into the SPDs and prospectuses and that defendants were therefore acting in their **ERISA** fiduciary capacities when they made those representations. The court agrees." ); *In re Worldcom, Inc.* **ERISA** *Litig.,* 263 F.Supp.2d 745 (S.D.N.Y.2003) (holding that complaint properly stated a claim for breach of fiduciary duties pursuant to **ERISA** where the company's prospectus also served as the plan's SPD and the prospectus allegedly contained material misrepresentations).

The Court is not persuaded by defendants' assertion that the SPD did not incorporate by reference any of the documents alleged to have contained misrepresentations. On a page with the title " Other Important Information" in large, bold print at the top of the page, the SPD states:

Obtaining Plan Information

Upon request to the Plan administrator, the participant or beneficiary may obtain any of the following.

...

Copies of any prospectuses and financial reports relating to the investment funds to the extent that the Plan receives such reports.

*7 (Compl. at Ex. E, 11.) Defendants cannot escape liability based solely on the absence of an express incorporation clause within the SPD. By including a reference to the prospectus within the SPD in this section, the drafters of the SPD explicitly stated that the prospectus contained " important information" and impliedly incorporated by reference the prospectus into the SPD. In so doing, the SPD's drafters brought any statements made in the prospectus, or incorporated therein, into **ERISA's** crosshairs. *See, e.g., In re Dynegy, Inc.* **ERISA** *Litig.,* 309 F.Supp.2d 861, 879 (S.D.Tex.2004) (" Plaintiff's allegations that ... defendants distributed material that expressly ' encouraged' plan participants to ' carefully review' Dynegy's SEC filings, which they do not dispute materially misrepresented the company's financial status, sufficiently alleges that ... defendants breached the fiduciary duty to speak truthfully to plan participants." ).

Furthermore, that the Plan Document assigns all fiduciary responsibility for administration of the Plan to the Benefits Committee is of no consequence at this stage of the litigation. While **ERISA** requires the written plan document to name at least one fiduciary who is responsible for the operation and administration of the plan, other individuals not named in the written plan document may still qualify as fiduciaries of the plan if they have discretionary authority. 29 U.S.C. § 1002(21)(A). Furthermore, an **ERISA** fiduciary can be held liable for the breach of a co-fiduciary " if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach." Id. § 1105(a)(3).

Fiduciary status is a fact sensitive inquiry and courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' **ERISA** fiduciary status. *Pietrangelo,* 2005 U.S. Dist. LEXIS 40832, at *17 n. 9 (" At this stage ... [t]he

Slip Copy                                                                                                          Page 6
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

Court will address whether Plaintiff has generally pled sufficient facts to demonstrate that each defendant qualifies as a fiduciary." ); *Honeywell,* 2004 U.S. Dist. LEXIS 21585, at *34 n. 13 (" It is true that with respect to some of the Defendants fiduciary capacity is alleged in very broad terms that essentially follow the appropriate statutory language. But at this stage such allegations, unless squarely refuted by Plaintiffs' own pleading or by documents essential to their claims, are sufficient." ). Indeed, the Third Circuit noted in its decision reversing this Court's previous decision granting defendants' motion to dismiss that " the merits of the claims of breaches of fiduciary duties involve complex legal and factual questions" and that " [a]dditional discovery proceedings ... may clarify the issues...." *In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231, 242 (3d Cir.2005). Here, the complaint properly alleges that certain defendants made misrepresentations while serving in an **ERISA** fiduciary capacity (Compl. at ¶¶ 66-69) and also that the remaining defendants knew of the breach but failed to take action to remedy the breach (Compl. at ¶¶ 183-84). For this reason, Count III cannot be dismissed on fiduciary status grounds prior to discovery.

C. Failure to Disclose Material Information

*8 An **ERISA** fiduciary " has a fundamental duty to furnish information to a beneficiary." *Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc.,* 93 F.3d 1171, 1180 (3d Cir.1996). The duty " entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful." *Bixler v. Central Pa. Teamsters Health & Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir.1993). However, the duty to inform is not all encompassing; **ERISA** imposes a
legal duty to disclose to the beneficiary only those material facts, known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection. The scope of that duty to disclose is governed by **ERISA's** Section 404(a), and is defined by what a reasonable fiduciary, exercising " care, skill, prudence and diligence," would believe to be in the best interest of the beneficiary to disclose.

*Glaziers,* 93 F.3d at 1182. The Third Circuit has described this duty to disclose material information as " the core of a fiduciary's responsibility." *Bixler,* 12 F.3d at 1300 (quoting *Eddy v. Colonial Life Ins. Co.,* 919 F.2d 747, 750 (D.D.C.1990)).

Defendants concede that **ERISA** imposes a duty to inform on fiduciaries, but disagree that the duty requires them to provide investment advice to Plan participants. Citing *In re Unisys Savings Plan Litigation,* 74 F.3d 420, 442-43 (" [W]e do not view the plaintiffs as claiming, nor do we hold, that [the fiduciaries were] obligated to give investment advice, to opine on [the company's] financial condition or to predict [the company's] eventual demise." ), defendants assert that the duty to inform is limited purely to matters relating to plan administration. On this set of facts, the Court disagrees.

As previously discussed, plaintiff has alleged that defendants, acting in their capacities as fiduciaries, distributed materially misleading and inaccurate statements directly to Plan participants. Plaintiff has also alleged that at the time these misleading statements were made, defendants actually possessed information that contradicted these public statements and that it failed to disclose this information to Plan participants. (Compl. at ¶¶ 66, 130-34, 182.) The complaint cites to specific " Warning Letters" sent by the FDA that warned the Company that the failure to correct violations of FDA " Good Manufacturing Practices" could result in withholding of FDA approval of Schering's new drug applications. (Id. at ¶¶ 88-89.) The complaint also cites to a $1 million penalty levied on the Company by the SEC for violating the SEC's Regulation FD (Fair Disclosure). (Id. at ¶ 119.)

**ERISA** fiduciaries " may not knowingly present false information regarding a plan investment option to plan participants. There is no exception to the obligation to speak truthfully when the disclosure concerns the employer's stock." *Worldcom,* 263 F.Supp.2d at 766. While defendants were not obligated to provide Plan participants with investments advice, *Unisys,* 74 F.3d at 442-43, once they spoke on the issue they were required to speak fully and truthfully. Defendants reliance on Judge Chesler's recent decisions in *RCN,* 2006 U.S. Dist. LEXIS 12930, and *Edgar v. Avaya, Inc.,* No. 05-3598, 2006 U.S. Dist. LEXIS 23151 (D.N.J. Apr. 24, 2006), for dismissal of Count III is misplaced. While Judge Chesler did in fact dismiss nearly identical claims by **ERISA** plaintiffs in those cases, the present case is easily distinguishable because the plaintiffs in *RCN* and *Avaya* had not alleged any facts to support their allegations that the defendant

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 7
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493
**(Cite as: Slip Copy)**

fiduciaries had reason to know that the previous statements were inaccurate or misleading. *RCN,* 2006 U.S. Dist. LEXIS 12930, at *38 (" [T]he Plaintiffs' Complaint does not allege that members of the Administrative Committee actually possessed any information contrary to these public statements that it failed to disclose to Plan participants, or even demonstrate how these public statements were, in any way, false or misleading at the time they were made." ); *Avaya,* 2006 U.S. Dist. LEXIS 23151, at *27 (" The Plaintiff's Complaint lacks any assertions that the Defendants possessed information contrary to these public statements at the time they were made prior to the April 2005 announcement, nor does the Complaint demonstrate how these public statements were, in any way, false or misleading at the time they were made." ).

*9 While **ERISA** permits a corporate officer or director also to serve as a Plan fiduciary, the dual role cannot be used as a shield to insulate the fiduciary from liability for breaching a duty s/he otherwise owes to Plan participants. As the *Worldcom* court noted, " [w]hen a corporate insider puts on his **ERISA** hat, he is not assumed to have forgotten adverse information he may have acquired while acting in his corporate capacity." 263 F.Supp.2d at 765. Information relating to the financial health of the Company was incorporated by reference into the SPD. Although **ERISA** does not require fiduciaries to disclose this type of information to Plan participants, fiduciaries who make the choice to provide such information must provide all pieces of information necessary to paint the full picture of the company's financial health. This is especially true in a case such as this where the alleged fiduciaries are also directors and/or officers of the company and have ready access to company information. For this reason, plaintiffs allegation that defendants failed to disclose material information regarding the Company's financial health after offering other information on the subject is sufficient to state a claim pursuant to **ERISA**.

### VI. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Count III of the amended complaint is denied.

D.N.J.,2007.
In re Schering-Plough Corp. ERISA Litigation
Slip Copy, 2007 WL 2374989 (D.N.J.), 41 Employee Benefits Cas. 1493

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.