# EXHIBIT A

No. 06-856
Title:                James LaRue, Petitioner
                      v.
                      DeWolff, Boberg & Associates, Inc., et al.
Docketed:             December 21, 2006
Lower Ct:             United States Court of Appeals for the Fourth Circuit
  Case Nos.:          (05-1756)
  Decision Date:      June 19, 2006
  Rehearing Denied:   August 8, 2006
Questions Presented

~~~Date~~~ ~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
| Date | Proceedings and Orders |
|---|---|
| Nov 6 2006 | Petition for a writ of certiorari filed. (Response due January 22, 2007) |
| Jan 16 2007 | Consent to the filing of amicus briefs in support of either party received from counsel for the petitioner |
| Jan 22 2007 | Brief of respondents DeWolff, Boberg & Associates, Inc., et al. in opposition filed. |
| Jan 22 2007 | Brief amici curiae of Seven Law Professors filed. |
| Feb 7 2007 | DISTRIBUTED for Conference of February 23, 2007. |
| Feb 8 2007 | Reply of petitioner James LaRue filed. (Distributed) |
| Feb 26 2007 | The Solicitor General is invited to file a brief in this case expressing the views of the United States. |
| May 18 2007 | Brief amicus curiae of United States filed. |
| May 29 2007 | DISTRIBUTED for Conference of June 14, 2007. |
| Jun 4 2007 | Supplemental brief of respondents DeWolff, Boberg & Associates, Inc., et al. filed. (Distributed) |
| Jun 18 2007 | Petition GRANTED. |
| Jul 5 2007 | Motion to dispense with printing the joint appendix filed by petitioner James LaRue. |
| Jul 23 2007 | Motion to dismiss the writ of certiorari filed by respondents DeWolff, Boberg & Associates, Inc., et al. (Distributed) |
| Jul 25 2007 | Motion DISTRIBUTED for Conference of September 24, 2007. |
| Jul 27 2007 | Consent to the filing of amicus briefs in support of either party received from counsel for the petitioner. |
| Jul 30 2007 | The time to file the joint appendix and petitioner's brief on the merits is extended to and including August 7, 2007. |
| Aug 2 2007 | Petitioner's opposition to respondents' motion to dismiss filed. (Distributed) |
| Aug 6 2007 | Brief amicus curiae of United States filed. |
| Aug 7 2007 | Reply of respondent to petitioner's opposition of motion to dismiss filed. (Distributed) |
| Aug 7 2007 | Brief amicus curiae of AARP filed. |
| Aug 7 2007 | Brief of petitioner James LaRue filed. |
| Aug 7 2007 | Brief amicus curiae of Pension Rights Center filed. |
| Aug 7 2007 | Brief amicus curiae of Self Insurance Institute of America, Inc. filed. |
| Aug 7 2007 | Brief amici curiae of Eleven Law Professors filed. |
| Aug 7 2007 | Brief amicus curiae of National Employment Lawyers Association filed. |
| Aug 7 2007 | Brief amicus curiae of Air Line Pilots Association, International filed. |

| Date | Entry |
|---|---|
| Aug 20 2007 | Motion to dispense with printing the joint appendix filed by petitioner GRANTED. |
| Aug 29 2007 | Consent to the filing of amicus curiae briefs in support of respondents received from counsel for the respondents. |
| Sep 6 2007 | Extension of time within which to file respondents' brief on the merits to and including September 13, 2007. |
| Sep 11 2007 | Brief amicus curiae of ERISA Industry Commitittee filed. |
| Sep 11 2007 | Brief amici curiae of Chamber of Commerce of the United States of America, et al. filed. |
| Sep 11 2007 | Brief of respondents DeWolff, Boberg & Associates, Inc., et al. filed. |
| Sep 13 2007 | Brief amicus curiae of American Council of Life Insurers filed. |
| Sep 18 2007 | Motion of the Solicitor General for leave to participate in oral argument as amicus curiae and for divided argument filed. |
| Sep 20 2007 | Letter received from counsel for respondents. (Distributed) |
| Sep 20 2007 | Letter received from counsel for petitioner. (Distributed) |
| Sep 25 2007 | Motion of the Solicitor General for leave to participate in oral argument as amicus curiae and for divided argument GRANTED. |
| Sep 25 2007 | Motion of respondents DeWolff, Boberg & Associates, Inc., et al. to dismiss the writ of certiorari DENIED. |
| Oct 10 2007 | Application (07A306) for an extension of time within which to file petitioner's reply brief on the merits from October 16, 2007, to October 25, 2007, submitted to The Chief Justice. |
| Oct 11 2007 | Application (07A306) granted by The Chief Justice for an extension of time within which to file petitioner's reply brief on the merits from October 16, 2007, to October 25, 2007. |
| Oct 15 2007 | SET FOR ARGUMENT Monday, November 26, 2007. |
| Oct 19 2007 | Record received from U.S.C.A. for the Fourth Circuit. (1 envelope) |
| Oct 24 2007 | Record received from U.S.D.C. for the District of South Carolina. (1 envelope) |
| Oct 25 2007 | Reply of petitioner James LaRue filed. (Distributed) |
| Oct 30 2007 | CIRCULATED. |
| Nov 26 2007 | Argued. For petitioner: Peter K. Stris, COsta Mesa, Cal., and Matthew D. Roberts, Assistant to the Solicitor General, Department of Justice, Washington, D.C. (for United States, as amicus curiae.) For respondents: Thomas P. Gies, Washington, D.C. |

| ~~~Name~~~ | ~~~Address~~~ | ~~~Phone~~~ |
|---|---|---|
| **Attorneys for Petitioner:** | | |
| Peter K. Stris | Whittier Law School | (714) 444-4141 |
| Counsel of Record | 3333 Harbor Blvd. | |
| | Costa Mesa, CA  92626 | |
| | pstris@law.whittier.edu | |
| Party name: James LaRue | | |
| **Attorneys for Respondents:** | | |
| Thomas P. Gies | Crowell & Moring LLP | (202) 624-2500 |
| Counsel of Record | 1001 Pennsylvania Ave., N.W. | |

|  |  |  |
|---|---|---|
|  | Washington, DC  20004<br>tgies@crowell.com |  |
| Party name: DeWolff, Boberg & Associates, Inc., et al. | | |

**Other:**

| John E. Barry | Wiley Rein & Fielding LLP | (202) 719-7000 |
|---|---|---|
|  | 1776 K Street, N.W.<br>Washington, DC  20006 |  |
| Party name: Self Insurance Institute of America, Inc. | | |

| Mark A. Casciari | 131 S. Dearborn Street, Suite 2400 | (312) 460-5000 |
|---|---|---|
|  | Chicago, IL  60603 |  |
| Party name: Chamber of Commerce of the United States of America, et al. | | |

| Paul D. Clement | Solicitor General | (202) 514-2217 |
|---|---|---|
|  | United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530-0001<br>SupremeCtBriefs@USDOJ.gov |  |
| Party name: United States | | |

| Jeffrey Greg Lewis | Lewis & Feinberg | (510) 839-6824 |
|---|---|---|
|  | 1330 Broadway, Suite 1800<br>Oakland, CA  94612 |  |
| Party name: National Employment Lawyers Association | | |

| Marc I. Machiz | One South Broad Street, Suite 1850 | (215) 825-4010 |
|---|---|---|
|  | Philadelphia, PA  19107-3426 |  |
| Party name: Pension Rights Center | | |

| Paul A. Montuori | Law Offices of Paul A. Montuori, PC | (516)-338-4714 |
|---|---|---|
|  | 265 Post Avenue, Suite 270<br>Westbury, NY  11590 |  |
| Party name: Eleven Law Professors | | |

| Jani K. Rachelson | Cohen, Weiss and Simon LLP | (212) 563-4100 |
|---|---|---|
|  | 330 West 42nd Street |  |

New York, NY 10036-6976
Party name: Air Line Pilots Association, International

| | | |
|---|---|---|
| Matthew D. Roberts | Assistant to the Solicitor General<br>Solicitor General's Office<br>Department of Justice<br>Washington, DC 20530 | |

Party name: James LaRue v. DeWolff, Boberg & Associates, Inc., et al.

| | | |
|---|---|---|
| Peter James Rusthoven | 1313 Merchants Bank Building 11 South Meridian Street<br>Indianapolis, IN 46204-0000 | (317) 236-1313 |

Party name: American Council of Life Insurers

| | | |
|---|---|---|
| Mary Ellen Signorille | AARP Foundation Litigation<br>601 E. Street, NW<br>Washington, DC 20049 | (202) 434-2060 |

Party name: AARP

| | | |
|---|---|---|
| John M. Vine | Covington & Burling<br>1201 Pennsylvania Ave., N.W.<br>Washington, DC 20044 | (202) 662-6000 |

Party name: ERISA Industry Commitittee

# EXHIBIT B

New York Times -- November 27, 2007

# Justices Consider a Loss in a 401(k) Plan

**By LINDA GREENHOUSE**

WASHINGTON, Nov. 26 — For the tens of millions of Americans whose financial security in retirement depends on their 401(k) plans, the question before the Supreme Court on Monday was highly pertinent: If the employer, or its agent, mishandles an individual account, can the employee sue to recover the losses?

The federal appeals court in Richmond, Va., answered no to the question in a decision last year that the Supreme Court, based on the questions and comments of justices during Monday's argument, now appears likely to overturn.

The appeals court's view was that the 1974 law governing employee retirement and benefit plans allows lawsuits only for losses caused by improper management of the plan itself, not of individual accounts. It upheld the dismissal of a suit brought by an employee of a consulting firm who had instructed the plan administrator to switch his investments from one mutual fund to another. The instruction went unheeded, costing the employee, James LaRue, some $150,000 in lost profit by the time he discovered the error.

Mr. LaRue's lawyer, Peter K. Stris, argued that the appeals court had misunderstood how the Employee Retirement Income Security Act, or Erisa, applies to 401(k) plans and had imposed a false distinction between the plan itself and the individual accounts comprising it. Because the plan is simply the aggregation of the individual accounts, Mr. Stris said, a loss to a single account is a loss to the plan, covered by the section of Erisa that authorizes recovery of "any losses to the plan."

Mr. Stris's argument was bolstered by the participation of the federal government on his client's behalf. An assistant to the solicitor general, Matthew D. Roberts, representing the views of the Department of Labor, said "the crux of the matter here is that the plan has suffered a loss" when an individual account suffered. "It's over and done. It wasn't made."

That might be true, Mr. Gies acknowledged, but "Erisa is a statute that provides for limited remedies."

"We think it's unlikely," he said, "that Congress intended every one of these 'he said/she said' cases to give rise to a cause of action for damages. There would be no end to the kinds of claims that one could imagine."

Mr. Gies, representing DeWolff, Boberg & Associates, the Dallas consulting firm that sponsored Mr. LaRue's 401(k), said that the reference to "losses to the plan" in the statute "connotes something collective" rather than a failure to execute a trade in an individual account.

He noted that a plan's "choice of an imprudent investment" in the sponsoring company's stock might represent "something systemic that affects the interests of the plan as a whole" and might provide the basis for a lawsuit. Such cases are often called stock-drop suits.

After the collapse of Enron, in which employees' 401(k) accounts were wiped out because of heavy investments in Enron shares, many employers are careful not to steer their employees toward company stock. The DeWolff, Boberg plan gives participants a range of options.

Several justices said it would not be easy to draw a distinction between individual and collective losses. Justice Stephen G. Breyer offered a hypothetical example. Suppose, he said, that a 401(k)



James LaRue with his wife, Shannon. He said he lost $150,000 after his employer's 401(k) plan ignored his directions.

plan consisted of 1,000 diamonds, and a corrupt trustee ran off to Martinique with half of them. Why should it matter, Justice Breyer asked Mr. Gies, whether the diamonds came from one central safe deposit box or 500 individual ones labeled with participants' names?

The case is LaRue v. DeWolff, Boberg & Associates Inc., No. 06-856.

## The Supreme Court appears to back a worker whose account was mishandled.

fers one.

"The appropriate remedy is to get the money back in the plan," Mr. Roberts said. The money would then be allocated to the individual's account.

Several justices pressed the lawyer on the other side, Thomas P. Gies, to explain what relief an employee in Mr. LaRue's position might receive if he could not bring an individual lawsuit. Mr. Gies said that under a different section of Erisa, an employee could seek a court order for the mishandled trade to be executed.

"But it's much too late," Justice Ruth Bader Ginsburg object-