IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated, | ) ) ) | C.A. No. 05-604-GMS |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| MOLSON COORS BREWING COMPANY, et al., | ) ) ) |  |
| Defendants. | ) ) |  |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN FURTHER
SUPPORT OF HIS OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

**CHIMICLES & TIKELLIS LLP**
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel: 302-656-2500

**GAINEY & MCKENNA**
Thomas J. McKenna, Esq.
295 Madison Avenue
4th Floor
New York, NY 10017
Tel: 212-983-1200

**VIANALE & VIANALE LLP**
Kenneth Vianale, Esq.
Julie Prag Vianale
2499 Glades Road – Suite 112
Boca Raton, Florida 33431
Tel: 561-392-4750

*Attorneys for Plaintiff*

Dated: March 24, 2008

## **TABLE OF CONTENTS**

Table of Authorities…………………………………………….........................................i

Preliminary Statement ……………………………………………………………1

Factual Statement ……………………………………………………………………1

Argument ...……………………………………………………………………….2

A. *LaRue* Establishes that Plaintiff Has Standing Even Though He Has
   Withdrawn His Funds From The Plan………………………………………...2

B. Plaintiff Has Standing To Assert Breach of Fiduciary Duty Claims
   On Behalf Of The Coors Savings Plan And The 401(k) Savings Plan……………….3

C. Under Third Circuit Law, A Fiduciary Has An Affirmative Duty To
   Disclose Material Facts That Affect The Interests Of The Beneficiary……………5

D. The Complaint Alleges That Fiduciary Defendants, Acting In Their
   Fiduciary Capacities, Made Material Misrepresentations And Omissions
   In Plan-Related Communications To Plan Participants…………………………6

E. Defendants Confuse The Duty To Diversity With The Duty Of Prudence,
   Which Undeniably Applies To ESOP Fiduciaries……………………………8

F. The "Presumption of Prudence" Only Applies To EIAPs that Mandate
   Investment In Company Stock………………………………………………10

Conclusion………………………………………………………………………10

## TABLE OF AUTHORITIES

*Bixler v. Central Penn. Teamsters Health & Welfare Fund,*
    12 F.3d 1292 (3d Cir. 1993)............................................................................5

*Buus v. WAMU Pension Plans,*
    2007 WL 4510311 (W.D. Wash. Dec. 18, 2007)................................................4

*Central States Southeast and Southwest Areas Health and Welfare Funds v.
Merck-Medco Managed Care L.L.C.,*
    504 F.3d 229 (2d Cir. 2007).........................................................................4

*Charters v. John Hancock Life Ins. Co.,*
    2007 WL 4874807 (D. Mass., Dec. 21, 2007).................................................4

*Cress v. Wilson,*
    2007 WL 1686687 (S.D.N.Y., June 6, 2007)..................................................4

*Edgar v. Avaya Inc.,*
    503 F.3d 340 (3rd Cir. 2007)....................................................................9, 10

*Fallick v. Nationwide Mutual Ins. Co.,*
    162 F.3d 410 (6th Cir. 1998).......................................................................3

*Glaziers v. Newbridge Securities, Inc.,*
    93 F.3d 1171 (3d Cir. 1996)......................................................................5, 6

*Harzewski v. Guidant Corp.,*
    489 F.3d 799 (7th Cir. 2007)........................................................................3

*In re AEP ERISA Litig.,*
    327 F. Supp. 2d 812 (S.D. Ohio 2004).........................................................7, 9

*In re Enron,*
    284 F. Supp. 2d 511 (S.D. Tex 2003)..............................................................9

*In re JDS Uniphase Corp. ERISA Litig.,*
    No. 03-4743, 2005 WL 1662131, (N.D. Cal. July 14, 2005)................................7

*In re Honeywell Int'l ERISA Litig.*,
  No. 03-1214, 2004 WL 3245931 (D. N.J. Sept. 14, 2004)....................7

*In re Merck & Co., Inc. Sec. & ERISA Litig.*,
  Civil Action No. 05-2369(SRC), 2006 WL 2050577
  (D.N.J. July 11, 2006)......................................................4

*In re Mutual Funds Investment Litigation*,
  519 F. Supp. 580 (D. Md. 2007)............................................4

*In re Schering-Plough Corp. ERISA Litig.*,
  No. Civ. A. 03-1204 (KSH), 2007 WL 2374989 (D. N.J. Aug. 15, 2007).........7, 10

*In re Sprint Corp. ERISA Litig.*,
  388 F. Supp. 2d 1207 (D. Kan. 2004)......................................7

*In re Worldcom, Inc. ERISA Litig.*,
  263 F. Supp. 2d 745 (S.D.N.Y. 2003)......................................8

*Kuper v. Iovenko*, 66 F.3d 1447 (S.D. Ohio 1995)............................9

*Lalonde v. Textron, Inc.*,
  366 F.3d 1 (1st Cir. 2004)................................................9

*LaRue v. DeWolff, Boberg & Assoc., Inc.*,
  128 S. Ct. 1020 (Feb. 20, 2008)........................................1, 2, 3

*Moench v. Robertson*,
  62 F.3d 553 (3d Cir. 1995)................................................9

*Pietrangelo v. NUI Corp.*,
  No. 04-3223, 2005 WL 1703200 (D. N.J. July 18, 2005).....................7, 9

Pursuant to the Court's Oral Order dated March 5, 2008, Plaintiff respectfully submits his supplemental memorandum of law in further support of his opposition to Defendants' motion to dismiss the Amended Complaint (D.I. #47).

## Preliminary Statement

In *LaRue v. DeWolff, Boberg & Assoc., Inc.,* 128 S. Ct. 1020 (Feb. 20, 2008), a recent Supreme Court decision under the Employee Retirement Income Security Act of 1974 ("ERISA"), the Supreme Court rejected a key argument relied on by Defendants in their pending motion to dismiss: that Plaintiff lacks standing to sue because he has withdrawn all of his funds from the Plan. The *LaRue* decision affirmed the right of a former plan participant, like the Plaintiff here, to recover for breaches of fiduciary duty in connection with the management of a defined contribution plan.  For this reason, and the other reasons stated herein and in our earlier brief, defendants' motion to dismiss should be denied.

## Factual Statement

Plaintiff, Walter Phillips, brings this action on behalf of himself and the Coors Savings and Investment Plan (the "Coors Savings Plan") and the 401(k) Savings Plan for Hourly Employees of the Memphis, Tennessee Brewery (the "401(k) Hourly Savings Plan")(collectively "the Plans"). [1]   Plaintiff worked for the Adolph Coors Company ("Coors") in Memphis, Tennessee, and was a participant in the 401(k) Hourly Savings Plan.

The Complaint states three claims against the Plans' fiduciaries:  (1) breach of the duties of prudence and loyalty based on the fiduciaries' failure to eliminate the option of investing in Coors stock when the fiduciaries knew or should have known about adverse information

---

[1]    Plaintiff respectfully directs the Court's attention to Plaintiff's opposition brief (D.I. #47) for a full statement of the facts of the case.

1

regarding the Company's financial health and prospects, (2) breach of duties under ERISA by making misrepresentations to Plaintiff and Plan Participants, and (3) breach of duties under ERISA by failing to monitor the Plan Committee members.    The Complaint makes identical claims against the same set of fiduciaries as to both the 401(k) Hourly Savings Plan and the Coors Savings Plan.

Walter Phillips left Coors' employ after the wrongdoing alleged in the Complaint occurred, and has withdrawn all of his funds from the 401(k) Hourly Savings Plan. Phillips sues on his own behalf, to recoup losses sustained while his funds were in the 401(k) Hourly Savings Plan, and on behalf of the Plans, to recoup losses they sustained at Defendants' hands.

**Argument**

**A.    _LaRue_ Establishes that Plaintiff Has Standing**
       **Even Though He Has Withdrawn His Funds from the Plan**

Defendants argue that Walter Phillips lacks standing to sue under ERISA because he is a former employee and cashed out his investment after this action was filed. _See_ Defs.' Mem. at 11-14.    This argument was expressly rejected by the Supreme Count in _LaRue v. DeWolff, Boberg & Assoc., Inc.,_ 128 S. Ct. 1020 (Feb. 20, 2008).

In _LaRue,_ the Defendants moved to dismiss the Court's grant of certiorari on mootness grounds because petitioner had withdrawn his funds from the Plan and was, defendant contended, no longer a "participant" in the Plan.  The Supreme Court rejected this argument, dismissing the proposition that an employee who withdrew all of his funds from the Plan after the alleged breach of fiduciary duty could not pursue a claim under § 502(a)(2). On this point, the Supreme Court stated that "[a] plan 'participant,' as defined by § 3(7) of ERISA, 29 U.S.C. §

2

1002(7), may include a former employee with a colorable claim for benefits. *See, e.g., Harzewski v. Guidant Corp.*, 489 F.3d 799 (C.A.7 2007)." 128 S. Ct. at 1026 n. 6.

As the Supreme Court recognized, Plaintiff qualifies as a "participant" under the plain terms of ERISA because he is a "former employee" who "is or may become eligible to receive" additional benefits from the Plan if he succeeds on his fiduciary breach claim. *See* ERISA § 3(7), 29 U.S.C. § 1002(7). Despite his withdrawal of the money from his account, Plaintiff "may become eligible" to receive additional benefits because he was invested in a defined contribution plan. In a defined contribution plan, "benefits [are] based solely upon the amount contributed to the participant's account, and any income, expenses, gains, and losses . . . which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

*LaRue* upholds Plaintiff's standing to sue despite his having withdrawn his money from the Plan. Defendants' argument to the contrary should be rejected.

**B.    Plaintiff Has Standing To Assert Breach of Fiduciary Duty Claims
On Behalf Of The Coors Savings Plan And The 401(k) Savings Plan**

During the relevant time, Coors maintained two defined contribution retirement plans: the Coors Savings Plan and the 401(k) Savings Plan. Plaintiff was a participant in the 401(k) Savings Plan. The Amended Complaint alleges that Defendants committed the same misconduct with respect to both Plans, and breached their fiduciary duties to participants of both Plans in the same way. ¶ 6-9, 16.[2] Plaintiff's standing as to each of the named Defendants extends to claims on behalf of participants in both of the Coors' Company Plans.

*Fallick v. Nationwide Mutual Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998), held that "once a potential ERISA class representative establishes his own standing to sue his own ERISA-

---

[2] "¶" refers to paragraphs of the Amended Complaint.

3

governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong." District Courts nationwide have followed *Fallick* and permitted participants in one ERISA plan to sue on behalf of other participants in similarly situated plans. *See In re Merck & Co., Inc. Sec. & ERISA Litig.*, Civil Action No. 05-2369(SRC), 2006 WL 2050577, at *8 (D.N.J. July 11, 2006) (allowing participant to assert claims on behalf of Plan in which he is not a member); *Buus v. WAMU Pension Plans*, 2007 WL 4510311, * 5 (W.D. Wash. Dec. 18, 2007)(adopting *Fallick*); *Cress v. Wilson*, 2007 WL 1686687, * 10 (S.D.N.Y., June 6, 2007)(adopting *Fallick*).

Recent cases raising other kinds of ERISA claims have recognized the right of a single plaintiff to represent similarly situated, though unrelated, victims. *Central States Southeast and Southwest Areas Health and Welfare Funds v. Merck-Medco Managed Care L.L.C.*, 504 F.3d 229 (2d Cir. 2007), was a class action by several unrelated employee welfare benefits plans against the pharmaceutical benefits manager with which they each had contracted. The plaintiff organizations were related only in their common complaint against the defendant. The Second Circuit held that only one of the named Plaintiffs was required to establish standing in order to seek relief on behalf of the entire class. 504 F.3d at 241. In *Charters v. John Hancock Life Ins. Co.*, 2007 WL 4874807 (D. Mass., Dec. 21, 2007), the Court allowed a single plan trustee to sue on behalf of all trustees of all employment benefit plans that owned variable annuity contracts from John Hancock. Similarly, *In re Mutual Funds Investment Litigation*, 519 F. Supp. 580, 583-587 (D. Md. 2007), held that a named plaintiff who held shares in one mutual fund had standing to sue on behalf of shareholders in other funds within the same family of funds.

Here, Plaintiff's breach of fiduciary duty claims arise from Defendants' false and misleading statements. The Company and these Defendants downplayed pre-merger problems

that Molson was having in Brazil (¶¶ 61-65, 81), made false statements about Coors' own pre-merger adherence to its business plan (¶¶ 66-70, 75-77, 81, 92, 94-95), and made materially false statements in the Proxy Statement, in the face of strong shareholder opposition to the merger (¶¶ 71-73, 80-88, 92, 94, 100). Defendants' misconduct adversely affected all of the potential class members of the Plans in the same manner. Having established the presence of issues common to both Plans, Plaintiff may pursue claims on behalf of the participants and beneficiaries in the Coors Savings Plan **and** the 401(k) Savings Plan.

### C. Under Third Circuit Law, A Fiduciary Has An Affirmative Duty To Disclose Material Facts That Affect The Interests Of The Beneficiary

Under controlling Third Circuit law, a fiduciary of an ERISA plan has a strict legal obligation to disclose to his or her beneficiary(ies) "those material facts, known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection." *Glaziers v. Newbridge Securities, Inc.*, 93 F.3d 1171, 1182 (3d Cir. 1996).

Under the common law of trusts, on which the ERISA statute, including a fiduciary's basic duties as set out in Section 404(a), is based, 29 U.S.C. § 1104(a), "a fiduciary has a fundamental duty to furnish information to a beneficiary." *Glaziers*, 93 F.3d at 1180; *see also Bixler v. Central Penn. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993) ("[T]he duty to disclose material information is the core of a fiduciary's responsibility") (internal quotation omitted). A fiduciary's duty to inform "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the [fiduciary] knows that silence might be harmful." *Bixler*, 12 F.3d at 1300. In *Glaziers*, the Third Circuit held that a fiduciary is "under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to

5

know for his protection. . . ." *Glaziers*, 93 F.3d at 1181 (quoting RESTATEMENT (SECOND) OF TRUSTS § 173, cmt. d (1959)). The *Glaziers* Court expressly held that this affirmative duty to disclose material information applies regardless of whether the beneficiary makes a specific request for information. *See id.* The scope of the obligation to disclose "is governed by ERISA's Section 404(a), and is defined by what a reasonable fiduciary, exercising 'care, skill, prudence and diligence,' would believe to be in the best interest of the beneficiary to disclose." *Id.* at 1182.

Given this applicable legal standard, the Complaint more than adequately states a cognizable claim for relief. Among other things, the Complaint alleges that Defendants knew or should have known that: (1) Plan participants were basing important Plan investment decisions on incomplete and inaccurate information about the Company and the prudence of investing in the Coors Stock Fund (¶ 122); (2) the communications Plan participants had received contained materially false and misleading information about the Company and the prudence of investing in the Coors Stock Fund (¶ 124); and (3) Plan participants were relying (actually or constructively) upon this false and misleading information disseminated to each and every participant to their detriment.

**D.     The Complaint Alleges That Fiduciary Defendants, Acting In Their Fiduciary Capacities, Made Material Misrepresentations And Omissions In Plan-Related Communications To Plan Participants**

The Complaint alleges that fiduciary defendants, acting in their fiduciary capacities, made material misrepresentations and omissions to Plan participants in Plan-related communications relating to the financial and operational health and prospects of the Company, and therefore the prudence of investing Plan assets in Company stock.

6

Plaintiff does not complain of actions taken by Defendants in their day-to-day corporate capacities. Rather, Plaintiff alleges that Defendants made specific misrepresentations to Participants concerning the financial health of the Company, despite having knowledge of facts to the contrary and of the clear imprudence of continued investment in the Coors Stock Fund. Under ERISA, fiduciaries who are also corporate officers are liable for breaches of fiduciary duty based on their failure to act on material knowledge affecting the Plan, its assets and participants, even if that knowledge was acquired in their corporate, non-fiduciary, capacity. *See., e.g., In re Schering-Plough Corp. ERISA Litig.*, No. Civ. A. 03-1204 (KSH), 2007 WL 2374989, at *6 (D. N.J. Aug. 15, 2007) (". . . courts in this district and elsewhere have regularly found that a material misstatement contained in, or incorporated by reference in, an SPD is actionable pursuant to ERISA"); *see also In re Honeywell Int'l ERISA Litig.*, No. 03-1214, 2004 WL 3245931, at *9 (D. N.J. Sept. 14, 2004) (Debevoise, J.) (stating that by incorporating SEC filings into the SPD by reference, defendants "took responsibility for the truthfulness of the SEC disclosures that had been filed previously" and that "they also took on a duty to correct later SEC disclosures to the extent that they knew ... that those statements were false"); *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200, at *6 (D. N.J. July 18, 2005) (Brown, J.) (holding that plaintiffs properly pled that defendants made misrepresentations in an ERISA fiduciary capacity where complaint alleged that misrepresentations were made in SEC filings that were later incorporated by reference into plan-related documents).[3]

---

[3]    Under similar factual circumstances, courts from around the country have held that SEC filings which are incorporated into Plan-related documents (such as the Plan Prospectus and SPD here) and made available and/or disseminated to Plan participants are fiduciary communications for the purposes of determining fiduciary liability for material misrepresentations or omissions. *See, e.g., In re JDS Uniphase Corp. ERISA Litig.*, No. 03-4743, 2005 WL 1662131, at *12 (N.D. Cal. July 14, 2005) ("Courts have held that dismissal at this stage is inappropriate where SEC filings are incorporated by reference into documents provided to plan participants"); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 825 (S.D. Ohio 2004) (refusing to dismiss complaint where SPD incorporated by reference allegedly misleading SEC filings); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1226 (D. Kan.2004)

The Complaint alleges that Defendants' downplayed pre-merger problems that Molson was having in Brazil (¶¶ 61-65, 81), made false statements about Coors' own pre-merger adherence to its business plan (¶¶ 66-70, 75-77, 81, 92, 94-95), and made materially false statements in the Proxy Statement, in the face of strong shareholder opposition to the merger (¶¶ 71-73, 80-88, 92, 94, 100). The Complaint also alleges that the above information was distributed or made available to Plan participants, and was incorporated by reference into the Company's SEC filings. (¶ 53). The Complaint further alleges that Defendants prepared and distributed to Plan participants a Plan Prospectus and Summary Plan Description ("SPD") that also expressly incorporated by reference all other documents filed by or on behalf of Coors with SEC, many of which incorporate filings that contained materially false and misleading information. (¶¶ 40, 41, 42, 53). In short, the material misrepresentations and omissions alleged in the Complaint were directly disseminated to Plan participants through fiduciary communications. On this, there can be no real argument.

E.    **Defendants Confuse The Duty To Diversify With The Duty Of Prudence, Which Undeniably Applies To ESOP Fiduciaries**

Defendants suggest that the Plans are somehow exempt from the ERISA duties of prudence and loyalty. This is wrong.[4] "'ESOPs are covered by ERISA's stringent requirements, and except for a few select provisions like the ones we quote above, ESOP fiduciaries must act in

---

("Plaintiffs point out that their complaint alleges these SEC filings were incorporated by reference into the SPDs and prospectuses and that defendants were therefore acting in their ERISA fiduciary capacities when they made those representations. The court agrees."); *In re Worldcom, Inc. ERISA Litig.*, 263 F. Supp. 2d 745 (S.D.N.Y. 2003) (holding that complaint properly stated a claim for breach of fiduciary duties pursuant to ERISA where the company's prospectus also served as the plan's SPD and the prospectus allegedly contained material misrepresentations).

[4]    The Complaint alleges that Defendants breached their fiduciary duties to act prudently and loyally by offering Coors Stock as an option when the price of the stock was artificially inflated as a result of false statements and material omissions. (¶¶ 7-8, 12, 14, 69, 81, 89, 94-95, 97, 100, 107-119).

accordance with the duties of loyalty and care.'" *Moench v. Robertson*, 62 F.3d 553, 568-71 (3d

Cir. 1995). Defendants' argument is misleading because it confuses the duty to diversify with

the duty of prudence and the duty of loyalty, which ESOP fiduciaries undeniably owe to a plan

and its participants.[5] *AEP ERISA Litig.*, 327 F. Supp. 2d at 828 ("'[T]he fiduciaries of [ESOP]

plans are still held to their fiduciary responsibilities, because the statutory exemptions for ESOPs

do[ ] not relieve a fiduciary . . . from the general fiduciary responsibility provisions of [29 U.S.C.

§ 1104]"); *Pietrangelo v. NUI Corp.*, No. Civ. 04-3223(GEB), 2005 WL 1703200, at *8 (D. N.J.

July 20, 2005) (". . . Court concludes that, even if it were to apply the *Moench* presumption,

Plaintiff has pled facts sufficient to rebut the presumption at this stage of the proceedings").

The ESOP exemption applies only to the duty to diversify (*i.e.*, the duty to ensure that a

plan invests in a diversified array of assets), and does not apply to the duty of prudence or the

duty of loyalty. Taken to its logical conclusion, Defendants' argument would mean that ESOP

fiduciaries could never be held liable for investing plan assets in company stock. This is not the

law. *See, e.g.*, *AEP ERISA Litig.*, 327 F. Supp. 2d at 829; *In re Enron*, 284 F. Supp. 2d 511, 534

n.3 (S.D. Tex 2003); *Edgar v. Avaya Inc.*, 503 F.3d 340, 346 (3rd Cir. 2007)("Despite the special

status of ESOP's, we emphasized that ESOP fiduciaries are still required to act in accordance

with the duties of loyalty and care that apply to fiduciaries of typical ERISA plans"). 

Defendants' attempt to confuse the duty to diversify with the duty of prudence and loyalty is

misleading and conflicts with the settled case law in this circuit. It fails completely to support

their motion to dismiss.

---

[5]      *See also Lalonde v. Textron, Inc.*, 366 F.3d 1 (1st Cir. 2004) ("'ESOPs are governed by ERISA's
requirements for fiduciaries. An ERISA fiduciary must employ within the defined domain "the care, skill, prudence,
and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with
such matters would."'); *Kuper v. Iovenko*, 66 F.3d 1447, 1459 (S.D. Ohio 1995) (holding that ESOP fiduciaries
breach fiduciary duty of prudence if a prudent fiduciary acting under similar circumstances would have made
different investment decisions).

9

**F.    The "Presumption of Prudence" Only Applies To EIAPs
that Mandate Investment In Company Stock**

The Third Circuit's decision in *Edgar v. Avaya Inc.*, 503 F.3d 340 (3rd Cir. 2007), does
not extend the *Moench* presumption from Employee Stock Ownership Plans ("ESOP") to all
Eligible Individual Account Plans ("EIAP") that invest in employer stock.  The Court ruled that
it was of "particular significance" to its decision to apply the "presumption of prudence" that, in
*Avaya*, offering employer stock as an investment option was mandatory by the EIAP's terms.
503 F.3d at 343.  For instance, if a plan merely "permits" a fiduciary to invest in company stock
then a presumption of prudence is inappropriate; rather, the fiduciary's investment decision is
subject to "de novo judicial review." *Id.* at 346-47.

In this regard, the *Avaya* panel did not deviate from the Third Circuit's earlier decision in
*In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005), in which it did not apply
the *Moench* presumption to an EIAP, because that plan "did not . . . direct plan fiduciaries to
offer employer stock as an investment option."  2007 WL 2781847, at *5 n.12.  In this case, the
Company was not required under the Plans to cause the Plans to offer the Coors Stock Fund as
an investment option.  Rather, Defendants were merely permitted to select various investment
options, including the Coors Stock Fund.  Accordingly, *Avaya* does not support application of
the *Moench* presumption of prudence here.

**Conclusion**

For all of the foregoing reasons, and the additional reasons set out in our earlier
submissions, Defendants' motion to dismiss should be denied.

10

Dated: March 24, 2008

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel:    302-656-2500

**GAINEY & MCKENNA**
Thomas J. McKenna, Esq.
295 Madison Avenue, 4th Floor
New York, NY 10017
Tel:    212-983-1300

**VIANALE & VIANALE LLP**
Kenneth Vianale, Esq.
Julie Prag Vianale
2499 Glades Road – Suite 112
Boca Raton, Florida 33431
Tel.: (561) 392-4750

**Attorneys for Plaintiff**

11