## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WALTER PHILLIPS, On Behalf of Himself and
All Others Similarly Situated,

        Plaintiff,

    v.

MOLSON COORS BREWING COMPANY, et
al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 05-604-GMS

## PLAINTIFF'S RESPONSE SUPPLEMENTAL BRIEF IN FURTHER SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**CHIMICLES & TIKELLIS LLP**
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel: 302-656-2500

**GAINEY & MCKENNA**
Thomas J. McKenna
295 Madison Avenue
4th Floor
New York, NY 10017
Tel: 212-983-1200

**VIANALE & VIANALE LLP**
Kenneth Vianale
Julie Prag Vianale
2499 Glades Road – Suite 112
Boca Raton, Florida, 33431
Tel: 561-392-4750

*Attorneys for Plaintiff*

Dated: April 3, 2008

## **TABLE OF CONTENTS**

Table of Authorities………………………………………………………………………ii

ARGUMENT ……………………………………………………………………………1

   A.  Plaintiff's Standing Is Not Subject to Challenge…….………...…………………1

   B.  Plaintiff May Advance Claims on Behalf of Both the Coors
       Savings and Investment Plan and the 401(k) Savings
       Plan for Hourly Employees of the Memphis, Tennessee Brewery……..…………1

   C.  The Third Circuit's Decision in *Edgar v. Avaya* Does Not Require
       Dismissal…………………………………………………………….……………..1

Conclusion…………………………………………………………………………………...3

## **Table of Authorities**

*Edgar v. Avaya, Inc.,*
    503 F.3d 340 (3rd Cir. 2007)……..………………………………………………..1, 2, 3

*LaRue v. DeWolff, Boberg & Assoc., Inc.,*
    128 S. Ct. 1020 (Feb. 20, 2008)………………………………………………..…………1

Pursuant to the Court's Oral Order dated March 5, 2008, Plaintiff respectfully submits his response to Defendants' Supplemental Opening Brief in Support of Their Motion to Dismiss the Amended Complaint ("Defs.' Supp. Br.").

**ARGUMENT**

**A.**      **Plaintiff's Standing Is Not Subject to Challenge**

*LaRue v. DeWolff, Boberg & Assoc., Inc.,* 128 S. Ct. 1020 (Feb. 20, 2008), affirmed the right of a former plan participant to recover for breaches of fiduciary duty in connection with the management of a defined contribution plan. Recognizing that *LaRue* upholds standing here, Defendants in their Opening Supplemental Brief do not press their argument that Plaintiff lacks standing because he has withdrawn his funds from the Plan. Plaintiff's standing is not subject to question following *LaRue*, and Defendants' earlier arguments to the contrary should be rejected.

**B.**      **Plaintiff May Advance Claims on Behalf of Both the Coors Savings and Investment Plan and the 401(k) Savings Plan for Hourly Employees of the Memphis, Tennessee Brewery**

Defendants similarly do not mention in their Opening Supplemental Brief their argument that Plaintiff, as a member of the 401(k) Savings Plan for Hourly Employees of the Memphis, Tennessee Brewery, cannot sue to recover for losses suffered by the Coors Savings and Investment Plan. Based on the cases Plaintiff cited in his opening brief (D.I. #47, pages 14-16) and supplemental brief (D.I. #66, pages 3-5), the Court should similarly reject this argument.

**C.**      **The Third Circuit's Decision in *Edgar v. Avaya* Does Not Require Dismissal**

Contrary to the argument in Defendants' Supplemental Opening Brief, the Third Circuit's decision in *Edgar v. Avaya, Inc.*, 503 F.3d 340 (3rd Cir. 2007), does not require dismissal of Plaintiff's claim. Defendants overstate the holding in *Avaya* and ignore several important factual distinctions between that case and this one.

1

The Third Circuit in *Avaya* did not extend the *Moench* presumption from Employee Stock Ownership Plans ("ESOP") to all Eligible Individual Account Plans ("EIAP") that invest in employer stock. Rather, the Third Circuit ruled that the presumption applied to the specific plan at issue in *Avaya*. The Avaya plan had an important feature not present in the Coors Plans: the EIAP in *Avaya* provided that the plan's investment options "shall include the Avaya Stock Fund, which shall be invested primarily in shares of Avaya common stock[.]" The Third Circuit stated that this feature of the Avaya plan was of "particular significance" to that litigation. 503 F.3d at 343.

Defendants do not assert that the Coors Plans required the fiduciaries to offer Coors stock as an investment option. Nor does the record on this motion show that the terms of the Coors Plans prevented Defendants from suspending the Plans' investment in Coors stock. Even if the Plans' fiduciaries elected not to divest the Plans of Coors stock bought before any misrepresentations (and we do not concede that such election would have been permissible), they should not have continued amassing Company stock for the Plans once they knew that material information about the Company had been withheld. Nor should the fiduciaries have allowed unsuspecting Coors employees to invest their retirement savings in Coors stock which the fiduciaries knew or should have known was falsely inflated in value. Nothing in the *Avaya* case provides to the contrary.

Second, *Avaya* specifically rejects Defendants' claim that ERISA fiduciaries must have "knowledge . . . of a company's impending collapse" (Defs.' Supp. Br. at 8) to be liable for a breach of fiduciary duty under ERISA. The Third Circuit in *Avaya* specifically rejected language to this effect in *Moench*, stating, "[w]e do not interpret *Moench* as requiring a company

2

to be on the brink of bankruptcy before a fiduciary is required to divest a plan of employer securities." 503 F.3d at 349, n. 13.

*Avaya* further held that the plaintiff's "bare allegations of fraud and other wrongdoing" were insufficient, "particularly when a review of Avaya's historic stock price shows that [three months after the fraud was revealed] the price of the stock rebounded to . . .$.05 per share more than its trading price on the day of the . . .earnings announcement." *Id.* Defendants claim that Coors stock rebounded as well. Defs.' Supp. Br. at 8-9. They are wrong.

The Amended Complaint alleges that Coors stock fell $14.50, from $77.30 to $63.00, after a revelatory announcement issued before the start of trading on April 28, 2005. (Amended Complaint, D.I. #25, ¶ 97). The volume of Coors' stock sales on April 28, 2005, after the negative announcement, was a breathtaking 8,116,900 shares. *See* Chart of Molson Coors' July 22, 2004 – May 30, 2006 Stock Prices, D.I. #45, Exhibit 13. Far from rebounding, the highest daily closing price Coors stock achieved from April 28, 2005 through the end of 2005 was $67.62 on November 14, 2005 – **approximately $10.00 per share less than the closing price on April 27, 2005**. *Id.* This is not a case, like *Avaya*, where there was only a transitory effect on the Company's stock price when the truth was revealed. Contrary to Defendants' claim, Coors' stock price did not rebound from the surprising and deeply disappointing revelations of April 28, 2005.

## Conclusion

*Avaya* teaches that a Court must carefully evaluate the requirements of a Plan and all of the underlying facts in determining the sufficiency of a complaint alleging a breach of fiduciary duty under ERISA. For all of the reasons set out in this brief and in Plaintiff's prior briefs, based on such an analysis this Court should deny Defendants' motion to dismiss.

3

Dated: April 3, 2008

Respectfully submitted,

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel:    302-656-2500

**GAINEY & MCKENNA**
Thomas J. McKenna
295 Madison Avenue, 4th Floor
New York, NY 10017
Tel:    212-983-1300

**VIANALE & VIANALE LLP**
Kenneth J. Vianale
Julie Prag Vianale
2499 Glades Road – Suite 112
Boca Raton, Florida 33431
Tel.: (561) 392-4750

**Attorneys for Plaintiff**

4