IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated,

        Plaintiff,

v.

MOLSON COORS BREWING COMPANY, et al.

        Defendants.

C.A. No. 05-604-GMS

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

OF COUNSEL:

Brian T. Ortelere
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5150

Donald L. Havermann
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5072

Attorneys for Defendants Peter H. Coors, W. Leo Kiely III, Charles M. Herington, Franklin W. Hobbs, Randall Oliphant, Pamela Patsley, Wayne Sanders, Albert C. Yates, Barbara Albanesi, David Barnes, Chat Chatterjee, James Fredericks, Michael J. Gannon, Robert Klugman, Michael Kruteck, Vonda Mills, Jeff Morgan, Michael Rumley, Ben Schwartz, Rob Witwer, Timothy Wolf, Katherine L. MacWilliams and Harold R. Smethhills

Charles F. Richards, Jr. (#701)
*richards@rlf.com*
Jeffrey L. Moyer (#3309)
*moyer@rlf.com*
Elizabeth Tucker Sudderth (#4468)
*sudderth@rlf.com*
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700

Attorneys for Defendants

Dated: April 3, 2008

RLF1-3269312-1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

# TABLE OF AUTHORITIES

## CASES

*Bauer v. Summit Bancorp*,
325 F.3d 155 (3d Cir. 2003).................................................................................................2

*Edgar v. Avaya, Inc.*,
503 F.3d 340 (3d Cir. 2007)..........................................................................................1, 2, 3

*Fallick v. Nationwide Mutual Ins., Co.*,
162 F.3d 410 (6th Cir. 1998) ...............................................................................................2

*Graden v. Conexant Sys., Inc.*,
496 F.3d 291 (3d Cir. 2007).................................................................................................2

*LaRue v. DeWolff, Boberg & Assocs., Inc.*,
128 S. Ct. 1020 (2008).........................................................................................................2

*Moench v. Robertson*,
62 F.3d 553 (3d Cir. 1995)...............................................................................................1, 3

*In re Schering-Plough Corp. ERISA Litig.*,
420 F.3d 231 (3d Cir. 2005).................................................................................................2

Plaintiff's disavowal of a deferential "abuse of discretion" standard of judicial review of the relevant investment decisions cannot survive when his allegations are considered next to the Third Circuit's decision in *Moench v. Robertson,* 62 F.3d 553 (3d Cir. 1995), an opinion on all fours with the facts here presented and the genesis of the *Edgar v. Avaya, Inc.*, 503 F.3d 340 (3d Cir. 2007) decision. Plaintiff argues that the *Moench* presumption cannot be extended to Defendants' decisions related to Coors stock because Defendants are not required to offer employer stock as an investment option. (D.I. 66 at 10). However, close examination of *Moench* reveals that the ESOP there was, similar to the Coors Plans, one "in which the fiduciary is <u>not absolutely required to invest in employer securities but is more than simply permitted to make such investments</u>." 62 F.3d at 571 (emphasis added).[1] Nevertheless, under such circumstances, the Court of Appeals held that "the most logical result is that the fiduciary's decision to continue investing in employer securities <u>should be reviewed for abuse of discretion</u>." *Id.* (emphasis added).

The Plans here are indistinguishable from the one in *Moench*, as the fiduciaries are more than "simply permitted" to invest in Coors stock. Indeed, the Coors Plans encourage such investments to afford employees an opportunity "<u>to participate in the future growth of Coors through the ownership of common stock</u>." (D.I. 45, Ex. 2 at 8 and Ex. 4 at 20) (emphasis added). *Moench* held that "trust law should guide the standard of review over claims," and that courts should – pursuant to the Restatement (Second) of Trusts § 187 – consider the "purposes" of the trust when determining the appropriate standard of judicial review. 62 F.3d at 565-66. The Plans here state, consistent with *Moench*, that their purpose is to afford participants the chance to

---

[1] In that regard, just like the plan in *Moench*, Plaintiff here describes the Coors Plan as an "ESOP." (D.I. 66 at 8). This admission, read either in isolation or in concert with the Plans' stated goals, further compels the application of the *Moench* presumption of prudence.

invest in the merged companies. Stripping the employees of the opportunity to participate in the Coors-Molson merger would frustrate that goal; hence, abuse of discretion review is mandated. Indeed, the participants' invaluable and express right to vote proxies, and to influence events bearing directly on their lives and livelihoods, requires the application of a deferential standard of review mindful of the purposes of ESOPs generally and the Third Circuit's *Moench* ruling.[2]

Further, Plaintiff cannot avail himself of the Sixth Circuit's decision in *Fallick v. Nationwide Mutual Ins., Co.,* 162 F.3d 410 (6th Cir. 1998), to claim standing to sue on behalf of S&I Plan participants although he only invested his money in the Memphis Plan. The Third Circuit plainly held in *Bauer v. Summit Bancorp,* 325 F.3d 155 (3d Cir. 2003), that to qualify as a "participant" with standing to sue under ERISA, an individual must be, "according to the language of the plan itself, eligible to receive a benefit under the plan." *Id.* at 160.[3] Finally, the Third Circuit's decision in *Edgar v. Avaya, Inc.,* 503 F.3d 340 (3d Cir. 2007), completely forecloses Plaintiff's disclosure/misrepresentation claims, notwithstanding his most recent

---

[2] *See* D.I. 44 at 6-7, 21-22. Plaintiff cites to *In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231 (3d Cir. 2005), and argues that the *Moench* presumption does not arise. *Schering-Plough* holds that *Moench* did not apply there because that plan "simply permitted" investment in employer stock. *Id.* at 238 n.5. The plan documents in *Schering-Plough* included no language of the sort set forth in the Coors SPD speaking to the goal of affording employees an opportunity to share in the growth of the company, which language circumscribes the fiduciaries' discretion related to the investments and compels judicial deference. Moreover, the Court in *Schering-Plough* was not confronted with the issue whether a deferential standard of judicial review applies where, as here, fiduciary action would have abrogated the participants' right to vote on the merger (and that right is one of tangible, and indeed invaluable, features of employee ownership). *Moench* supplies the governing rule.

[3] *See* D.I. 44 at 10-11. Plaintiff devotes a portion of his Supplemental Brief arguing that, pursuant to the Supreme Court's decision in *LaRue v. DeWolff, Boberg & Assocs., Inc.,* 128 S.Ct. 1020 (2008), he has standing to sue on behalf of the Memphis Plan even though he "cashed out" his plan account after this action was filed. In the wake of *LaRue* and the Third Circuit's ruling in *Graden v. Conexant Sys., Inc.,* 496 F.3d 291 (3d Cir. 2007), the fact that Mr. Phillips received a lump sum final distribution does not impair his ability to bring suit on behalf of the Memphis Plan. That said, the fact remains that, under the Third Circuit's ruling in *Bauer*, Phillips cannot sue on behalf of the Coors S&I Plan, and the Sixth Circuit cannot supply the controlling law.

citation to authority clearly made irrelevant by *Avaya*. The caselaw to which Plaintiff refers speaks nothing of the disclosure obligations unique to investments in employer stock in EIAPs and ESOPs. In that regard, Defendants refer the Court to their Supplemental Opening Brief for a comprehensive discussion of the failings of Plaintiff's disclosure/misrepresentation claims under *Avaya*. (D.I. 67 at 9-10).

Perhaps most importantly, the split adjusted price of the stock reached $115.40 on October 31, 2007, an *eighty-six* percent increase over the price of the stock measured from the disclosures described in the Amended Complaint and the subsequent drop in stock price triggering the lawsuit. *See* Yahoo price data (attached as Exhibit "A"). As *Avaya* and *Moench* make clear, where, as here, the fiduciaries' refusal to jettison the stock insured the opportunity for participants to realize enormous gains on their investments, there can be no finding of a fiduciary breach, as a matter of law.[4]

/s/ Charles F. Richards, Jr.
Charles F. Richards, Jr. (#701)
*richards@rlf.com*
Jeffrey L. Moyer (#3309)
*moyer@rlf.com*
Elizabeth Tucker Sudderth (#4468)
*sudderth@rlf.com*
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700
*Attorneys for Defendants*

---

[4] *Avaya* holds further that "had defendants divested the Plans of Avaya common stock during the Class Period, they would have risked liability for having failed to follow the terms of the Plans." *Avaya*, 503 F.3d at 348-49 (quoting *Moench*, 62 F.3d at 571-72 ("[C]ourts must recognize that if the fiduciary, in what it regards as an exercise of caution, does not maintain the investment in the employer's securities, it may face liability for that caution, particularly if the employer's securities thrive.") (emphasis added).

OF COUNSEL:

Brian T. Ortelere
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5150

Donald L. Havermann
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5072

Attorneys for Defendants Peter H. Coors, W. Leo Kiely III, Charles M. Herington, Franklin W. Hobbs, Randall Oliphant, Pamela Patsley, Wayne Sanders, Albert C. Yates, Barbara Albanesi, David Barnes, Chat Chatterjee, James Fredericks, Michael J. Gannon, Robert Klugman, Michael Kruteck, Vonda Mills, Jeff Morgan, Michael Rumley, Ben Schwartz, Rob Witwer, Timothy Wolf, Katherine L. MacWilliams and Harold R. Smethhills

Dated: April 3, 2008

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 3, 2008, copies of the foregoing were served upon the following counsel of record in the manner indicated:

**BY CM/ECF:**

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

*/s/ Elizabeth Tucker Sudderth*
Elizabeth Tucker Sudderth (#4468)
*sudderth@rlf.com*