IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER PHILLIPS, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MOLSON COORS BREWING COMPANY, et al.<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-604-GMS<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1.2, Defendants submit the recent opinions in Kirschbaum v. Reliant Energy, Inc., No. 06-20157, 2008 WL 1838324 (5th Cir. Apr. 28, 2008) (attached as Exhibit A), and In re: RadioShack Corp. "ERISA" Litigation, C.A. No. 08-MD-1875-Y (N.D. Tex. Mar. 31, 2008) (attached as Exhibit B).

I.   **Kirschbaum v. Reliant Energy, Inc.**

Plaintiffs brought ERISA breach of fiduciary duty claims against the REI defendants for maintaining a company stock fund as an investment option within REI's eligible individual account plan ("EIAP") during a period in which the value of REI stock fell some forty percent. 2008 WL 1838324, at *1. Affirming the entry of judgment in Defendants' favor, the Fifth Circuit first held that ERISA exempts EIAP fiduciaries from the statute's diversification provisions relating to the purchase or holding of company stock. Id. at *2. Nevertheless, Plaintiffs argued that the REI defendants shouldered a fiduciary duty to "cease the Fund's continued investment in REI stock" by disobeying "the plain terms of the plan" and notwithstanding "Congress's sanction for company stock purchase plans." Id. at *8. The Kirschbaum Court held that the Third Circuit in Moench v. Robertson, 62 F.3d 553 (3d Cir.

1995) concluded that "a fiduciary of this sort of plan is entitled to a presumption that his decision to invest in the employer's securities was prudent" and that "the Moench presumption logically applies to any allegations of fiduciary duty breach for failure to divest an EIAP or ESOP of company stock." Id. at **8-9 (quoting Moench, 62 F.3d at 571).

The Kirschbaum Court further opined that Moench's facts – where the company stock lost ninety-eight percent of its value over two years and the fiduciaries were aware of the impending collapse followed by a Chapter 11 bankruptcy filing – described a "downward spiral" that "is a far cry" from the facts alleged in Kirschbaum. Id. at *10. After quoting the Ninth Circuit's decision in Wright v. Oregon Metallurgical Corp.[1] for the proposition that "mere stock fluctuations, even those that trend downward significantly" are insufficient to rebut the Moench presumption, the Kirschbaum Court found no indication that REI was in financial trouble, much less that "REI's stock was in danger of becoming essentially worthless … [these facts] are much less grave than facts other courts routinely conclude are insufficient to rebut the Moench presumption." 2008 WL 1838324, at *10. Kirschbaum further holds that Plaintiffs' "artificial inflation" claims are scrutinized under the same deferential standard of review and must similarly be dismissed in the absence of facts rebutting the presumption of prudence. Id. at *9 (holding that "there is no principled difference between how a fiduciary should respond to 'artificial inflation' of the stock price as opposed to other sorts of negative insider information" and finding that "the Moench presumption logically applies to any allegations of fiduciary breach for failure to divest an EIAP or ESOP of company stock").

Although the REI plan's terms required its fiduciaries to offer company stock as a plan investment option (sometimes described as "hard-wiring"), the Fifth Circuit observed that the

---

[1] 360 F.3d 1090, 1099 (9th Cir. 2004).

Third Circuit's <u>Moench</u> ruling does not require that the plan mandate the offering of company stock for the presumption of prudence to arise. The plan in <u>Moench</u> is indistinguishable from the Molson Coors plans, which encourage but do not require offering company stock as a plan investment option. (*See* D.I. 45, Ex. 2 at 8 and Ex. 4 at 20; D.I. 67 at 7; D.I. 69 at 1). As set forth by the Fifth Circuit's holding in <u>Kirschbaum</u>, a presumption of prudence applies to Defendants' decision to offer and maintain company stock in the plans, and Mr. Phillips has not alleged facts sufficient to rebut the presumption.

## II.     In re: RadioShack Corp. "ERISA" Litigation

The <u>RadioShack</u> Court also applied the Third Circuit's recent decision in <u>Edgar</u> which extended the <u>Moench</u> presumption to "all eligible individual account plans ('EIAPs')." <u>RadioShack</u> at *10. The <u>RadioShack</u> Court similarly determined that the <u>Moench</u> presumption can be applied at the pleading stage and employed the presumption to dismiss claims that were "strikingly similar" to those brought by plaintiffs in <u>Avaya</u> (and indistinguishable from those alleged here). <u>Id.</u> at *12, *14. The Court also dismissed plaintiffs' misrepresentation claims because plaintiffs failed to allege detrimental reliance. <u>Id.</u> at *15. The Molson Coors Amended Complaint similarly does not allege reliance.

The facts considered in <u>RadioShack</u> are indistinguishable from those set forth in the Amended Complaint and that court's reliance upon Third Circuit authority makes the opinion particularly useful in understanding the many flaws in Mr. Phillips' pleading.

OF COUNSEL:

Brian T. Ortelere
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
(215) 963-5150/5201

Donald L. Havermann
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-5072

Attorneys for Defendants Peter H. Coors, W. Leo Kiely III, Charles M. Herington, Franklin W. Hobbs, Randall Oliphant, Pamela Patsley, Wayne Sanders, Albert C. Yates, Barbara Albanesi, David Barnes, Chat Chatterjee, James Fredericks, Michael J. Gannon, Robert Klugman, Michael Kruteck, Vonda Mills, Jeff Morgan, Michael Rumley, Ben Schwartz, Rob Witwer, Timothy Wolf, Katherine L. MacWilliams and Harold R. Smethhills

Dated:  May 19, 2008

/s/ Elizabeth T. Sudderth
Charles F. Richards, Jr. (#701)
*richards@rlf.com*
Jeffrey L. Moyer (#3309)
*moyer@rlf.com*
Elizabeth Tucker Sudderth (#4468)
*sudderth@rlf.com*
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700

Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2008, copies of Defendants' Notice of Supplemental Authority were served upon the following counsel of record in the manner indicated:

**By CM/ECF:**

Pamela S. Tikellis
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

*/s/ Elizabeth T. Sudderth*
Elizabeth T. Sudderth (#4468)
*sudderth@rlf.com*