IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER PHILLIPS, On behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MOLSON COORS BREWING COMPANY, *et al.*,<br><br>Defendants | C.A. No. 05-604-GMS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITIES IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

Plaintiff hereby responds to Defendants' Notice of Supplemental Authorities, dated May 19, 2008 (D.I. #71).

A.  *In re: RadioShack Corp. "ERISA" Litig.*,
    **C.A. No. 08-MD-1875-Y (N.D. Tex. Mar. 31, 2008)**

The RadioShack decision simply reaffirms application of the "presumption of prudence" rule to those plans which by their terms require an investment fund to invest primarily in company stock, citing Edgar v. Avaya, Inc., 503 F.3d 340, 347-48 (3d Cir. 2007) and Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1098 n.3 (9th Cir. 2004). RadioShack, Order Partially Granting Motions to Dismiss, at 9-10 (attached as Exhibit A). As noted in Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Plt's Opp.

Br.") (D.I. #47), unlike Avaya, Wright, and Radio Shack, in this case, the Plans[1] did not require a company stock fund. Plt's Opp Br. at 6. To the contrary, here, Defendants were "simply permitted" to invest in Coors stock, nothing more. Thus the "presumption of prudence" does not apply in the first instance.

Second, even if the "presumption of prudence" were to apply here, RadioShack is easily distinguishable. The plaintiffs in RadioShack alleged that the defendants knew or should have known about the need for inventory write-offs which, when disclosed, caused the stock to drop. The court found the allegations were insufficient, amounting to nothing more than "mere stock fluctuation." Radio Shack, at 15, quoting Wright, 360 F.3d at 1099. The court did not suggest, much less hold, that it would be prudent to invest in artificially inflated stock; rather, the court found the allegations in the complaint insufficient to establish artificial inflation. Cf. In re Syncor ERISA Litig., 516 F.3d 1095, 1103 (9th Cir. 2008) (may be imprudent to invest in company stock which is artificially inflated).

Here, in contrast, Molson Coors Brewing Company's ("Molson Coors" or the "Company") own disclosures demonstrate that senior company management engaged in a prolonged and deliberate campaign to prop up the price of the Company's stock through false and misleading statements regarding the Company's financial health and prospects. See Plt's Opp Br. at 2-3.[2]

---

[1] The Coors Savings and Investment Plan (the "Coors Savings Plan") and the 401(k) Savings Plan for Hourly Employees at the Memphis, Tennessee Brewery (the "401(k) Hourly Savings Plan") (collectively, the "Plans").

[2] Defendants also cite RadioShack for the proposition that misrepresentation claims under ERISA require detrimental reliance. Indeed, rebutting the court's conclusion in RadioShack with respect to reliance in ERISA cases would require detailed discussion of (1) the fact that the Plans, not individual Plan Participants, actually purchased shares, rendering Participant reliance irrelevant to the claims; and (2) even if individual reliance were required, whether it could be

B. *Kirschbaum v. Reliant Energy, Inc.*,
   No. 06-20157, 2008 WL 1838324 (5th Cir. Apr. 28, 2008)

Kirschbaum v. Reliant Energy, Inc., No. 06-20157, 2008 WL 1838324 (5th Cir. April 25, 2008), does not provide support for dismissing the Amended Complaint.

Contrary to Defendants' arguments, Kirschbaum specifically held that ERISA's exemption from the fiduciary duty to diversify company stock holdings in Eligible Individual Account Plans ("EIAPs") "does not exempt EIAP fiduciaries from liability for other forms of imprudence." Kirschbaum, 2008 WL 1838324, at * 4 (internal quotations omitted). The court then proceeded to consider whether the purchase of company stock at allegedly artificially inflated prices was imprudent under the specific facts of that case.

The critical fact in Kirschbaum -- and the one most clearly distinct from the facts of this case -- was that the Reliant 401(k) plan unequivocally required a company stock fund and unequivocally compelled that fund to be invested almost exclusively in company stock.[3] Thus, the court held that "[b]ecause the Plan's requirements to invest in REI stock are mandatory . . . we agree with the district court that no fiduciary duties are inherent in the Plan other than to follow its terms." Id. at *7. The Molson-Coors Plans, unlike the plan in Kirschbaum, do not

---

presumed through the fraud-on-the-market presumption or other evidentiary presumptions. Moreover, in In re Elec. Data. Sys. ERISA Litig., 224 F.R.D. 613 (E.D. Tex. 2004), relied upon by the court, the misrepresentation claims were brought under ERISA section 502(a)(3). Id. at 620 n.3, 626. Here, in contrast, Plaintiff's claims are brought under ERISA section 502(a)(2), which involves a different analysis.

[3]   In Kirschbaum, the Benefits Committee had no authority to delete the company stock fund as an investment option, and the trust agreement stated that the plan's investment options "shall consist of the Reliant Energy Common Stock Fund and other such Investment Funds selected and approved by the Committee from time to time." Id., at *4. Furthermore, the trust agreement required the trustee "to invest all contributions to the Fund in REI common stock 'as soon as practicable.'" Id.

compel, but merely permit, Defendants in their discretion to offer a company stock fund, and further provides broad discretion with respect to the amount of that Fund that should be invested in Company stock. The salient features of the Molson-Coors Plans are as follows:

- The Company sponsors the Plans, which are defined contribution retirement plans that are intended to qualify under Section 401(a) of the Internal Revenue Code of 1986 and are subject to ERISA (¶¶ 38-39)[4];

- The Plans' stated purpose was to permit employees to save for retirement. The Coors Savings Plan offered participants the option of investing in the Coors Stock Fund (¶ 40);

- According to the Coors Savings Plan's Summary Plan Description ("SPD"), the Coors Stock Fund is a fund "that pools [the Plans Participants] money with that of other employees to buy shares in [the Plans Participants] employer or its affiliates and an amount of short-term investments. . . ." (¶ 40);

- The 401(k) Hourly Savings Plan's stated purpose is "to encourage employees of the Memphis, Tennessee brewery of the former Adolph Coors Company and subsidiaries . . . to accumulate savings systematically in order to provide an additional source of income upon retirement, disability or death" (¶ 42) (quoting Company's Form 11-K filing);

- Participants in the Plans voluntarily contributed to the Plans through regular payroll deductions subject to certain limits (¶ 43); and

- Participants directed the Plans to buy investments for them from among various options that the Plan Committee selected, including the Coors Stock Fund (¶ 44).

---

[4] "¶" refers to a paragraph of the Amended Complaint (D.I. #25).

4

See also 401(k) Savings Plan For Hourly Employees at the Memphis, Tennessee Brewery – Summary Plan Description and Prospectus, dated June 2, 2004 attached as Exhibit 2 at p. 8 to the Affidavit of Tamsin J. Newman in Support of Defendants' Motion to Dismiss (the "Newman Aff.") (D.I. #45); the Coors Savings and Investment Plan – Summary Plan Description and Prospectus, dated December 2003 attached to the Newman Aff. at Exhibit 4 at p. 20.

Far from the Plans requiring Defendants to maintain the Plans' investment in Company stock, as the Reliant plan did, the Plans actually required diversification away from a heavy investment in Company stock. Because offering the Coors Stock Fund was not required but was solely at the discretion of Defendants, Defendants were not complying with Plans requirements in offering the Fund under the circumstances of this case. To the contrary, they acted within their discretion as fiduciaries and can be held accountable for their imprudence.

Defendants' complete discretion to offer the Coors Stock Fund and obligation to diversify away from a heavy accumulation in Coors stock, as well as their complete discretion to invest the assets of the Stock Fund in Coors Stock or some other investment, means that Kirschbaum does not apply. Kirschbaum applied a presumption that the Reliant fiduciaries acted prudently only because the Reliant Plan required investment in the company stock fund, and the Reliant fiduciaries would have been required to override those express plan provisions in order to block Plan investment in Reliant stock. 2008 WL 1838324, at **8-9. This presumption was first articulated in Moench v. Robertson, 62 F.3d 553 (3d Cir. 1995), which involved a plan which directed the fiduciaries to invest "all contributions received under the terms of the plan" in company stock, except for a portion which could be invested "in other securities as a reserve for the payment of administrative expenses and cash distributions." Id. at 558. The presumption arose out of the fact that the Moench fiduciaries were directed by the plan to invest primarily in

employer stock. Id. at 571. Here, on the other hand, since the Plans do not require any investment in company stock, Defendants are not entitled to the benefit of the Moench and Kirschbaum presumption of prudence.

Indeed, the language of the Plans is almost identical to the plan language in In re Schering- Plough Corp. ERISA Litig., 420 F.3d 231 (3d Cir. 2005), which must be read in conjunction with Moench. The Schering-Plough plan provided that contributions to the plan could be invested "in one or more Investment Funds authorized by the Investment Committee, which, from time to time, may include" equity funds, fixed income vehicles, or a company stock fund. Id. at 236. The court held that, in contrast to Moench, the Schering-Plough plan was "'simply permitted to make . . . investments' in 'employer securities." Schering-Plough, 420 F.3d at 238 n.5, quoting Moench, 62 F.3d at 571. In such circumstances, the "presumption of prudence" applied in Moench and Kirschbaum does not apply. Edgar v. Avaya, 503 F.3d 340, 346 (3d Cir. 2007) (under trust law, "if the trust merely 'permits' the trustee to invest in a particular stock, then the trustee's investment decision is subject to de novo judicial review").

Accordingly, neither of the two supplemental cases submitted by defendants supports the dismissal of plaintiff's complaint at the pleading stage.

Dated: June 2, 2008

**CHIMICLES & TIKELLIS LLP**

By: _/s/ Tiffany J. Cramer_
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
Tel: (302) 656-2500

**GAINEY & McKENNA**
Thomas J. McKenna, Esq.
295 Madison Avenue, 4th Floor
New York, NY 10017
Tel: (212) 983-1300

**VIANALE & VIANALE LLP**
Kenneth Vianale, Esq.
2499 Glades Road, Suite 112
Boca Raton, Florida 33431
Tel: (561) 392-4750

*Attorneys for Plaintiff*