IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALTER PHILLIPS, On Behalf of Himself
and All Others Similarly Situated,

Plaintiff,

v.

MOLSON COORS BREWING COMPANY,
*et al.*,

Defendants.

Civil Action No.: 05-604-GMS

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Plaintiff respectfully requests that the Court take notice of the attached Memorandum Opinion and Order in *In re: Diebold ERISA Litig.*, Case No. 5:06 CV 0170 (N.D. Ohio May 28, 2008) (attached hereto as Exhibit A), which bears directly on the following issues: (i) fiduciary communications; (ii) the presumption at the motion to dismiss stage; and (iii) detrimental reliance.

### A.  Fiduciary Communications

1.  Defendants move to dismiss Plaintiff's misrepresentation claims because "[n]one of the[] communications [made by Defendants] were specifically directed to plan participants and none had any specific relationship to plan administration. [Therefore,] [a]s a matter of law, these statements are not fiduciary communications." *See* Defs' Mem. at 31-32 (D.I. #44). Plaintiff opposed Defendants' motion and submitted cases explaining that Defendants incorporated SEC filings into their fiduciary disclosures to the Plans participants and that the information contained in their filings was communicated in Defendants' fiduciary capacity. As

fiduciary disclosures, they had to contain all pertinent information to the Plans participants to avoid being false or misleading.  *See* Plt's Opp. Br. at 25-27 (D.I. #47).

2.     On May 28, 2008, relying on the Third Circuit opinion *In re Unisys Sav. Plan Litig.*, 64 F.3d 420, 441 (3d Cir. 1996), the court in *Diebold* rejected the same arguments which Defendants make here and held that the defendants SEC filings and annual reports were fiduciary communications.  *See Diebold* at 18-19.  For this reason, courts in this district and elsewhere have regularly found that material misstatements contained in SEC filings and annual reports are fiduciary communications.

**B.     The Presumption at the Motion to Dismiss Stage**

3.     Defendants argue that they are protected by a presumption of prudence articulated in *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995) (Defs' Mem. at 25-27).  Defendants argue they are entitled to dismissal as a matter of law because the Complaint does not sufficiently allege that the Plans' fiduciaries abused their discretion by continuing to offer Coors Stock as an investment option. (Defs' Mem. at 26).  Defendants are wrong.  As the Court held in *Diebold*:

> . . . it is only proper to determine whether the Plan constitutes an ESOP if the two criteria are readily ascertainable from the plan documentation.  ***In the instant case, however, there appears to be a factual dispute about whether the Plan's primary purpose was to invest in qualified employer securities, or to encourage eligible employees to save for retirement, as the Investment Guidelines suggest.***  Accordingly, the Court concludes that no determination regarding the Plan's status as an ESOP is appropriate at this stage.  Because the presumption of reasonableness Defendants seek to employ as a bar to Plaintiffs' claim cannot be applied in the absence of an affirmative ESOP finding, dismissal is not warranted at this stage.

*Diebold* at 16 (emphasis added).

4.     Here, not unlike the facts in *Diebold*, Plaintiff alleges that the Plans were not ESOPs because investment in the Coors Stock Fund was permissive, not mandatory.  In fact,

2

Defendants agree. "[T]he Molson Coors plans . . . encourage but do not require offering company stock as a plan investment option". Defendants Notice of Supplemental Authorities filed May 19, 2008 at 3 (D.I. #71); see also 401(k) Savings Plan For Hourly Employees at the Memphis, Tennessee Brewery – Summary Plan Description and Prospectus, dated June 2, 2004 attached as Exhibit 2 at 8 to the Affidavit of Tamsin J. Newman in Support of Defendants' Motion to Dismiss (the "Newman Aff.") (D.I. #45); the Coors Savings and Investment Plan – Summary Plan Description and Prospectus, dated December 2003 attached to the Newman Aff. at Exhibit 4 at 20. Further, Plaintiff contends that the primary design of the Plans were not investment in the Company's securities, but to encourage eligible employees to save for retirement. *See* Amended Complaint at ¶ 40 (D.I. #25).

## C.  Actual/Detrimental Reliance

5. Defendants also moved to dismiss Plaintiff's Complaint because Plaintiff fails to allege that he personally relied to his detriment on the misrepresentations. *See* Defs' Mem. at 35.

6. In *Diebold*, the court concluded that the "issue of reliance is more amenable to resolution on a motion for summary judgment or at trial, after discovery has developed a complete evidentiary record. *See Diebold* at 21.

Dated: June 4, 2008                     **CHIMICLES & TIKELLIS**

By: _____
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4539)
Tiffany J. Cramer (#4998)
One Rodney Square, P.O. Box 1035
Wilmington, DE 19899
Tel: (302) 656-2500
Fax: (302) 656-9053

***Liaison Counsel for Plaintiff and the Class***

3

**GAINEY & McKENNA**
Thomas J. McKenna
295 Madison Avenue, 4th Floor
New York, New York 10017
Tel: 212-983-1300
Fax: 212-983-0383

**VIANALE & VIANALE LLP**
Kenneth Vianale, Esq.
2499 Glades Road, Suite 112
Boca Raton, Florida 33431
Tel: (561) 392-4750
Fax: (561) 392-4775

*Co-Lead Counsel for Plaintiff and the Class*